## MANNHEIMER v. NEDERLANDSCHE AMERIKAANSCHE STOOMVAART MAATSCHAPPIJ.

District Court, S. D. New York.
April 10, 1934.

William L. Cohn, of New York City, for plaintiff.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (John L. Galey and Burton H. White, both of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

This motion is in all respects granted, no further leave to amend is granted, and a judgment may be entered dismissing the alleged second cause of action on the merits with costs.

I. This motion should have asked as the first relief desired the dismissal of the alleged second cause of action for, if that were granted, the other relief sought would follow.

II. I will not deal with the question of the plaintiff's locus standi to maintain this action under the provisions of the trust indenture, for the theory of the complaint as shown by the fifteenth paragraph thereof is that the trust indenture has been abrogated. Assuming this to have been the result of the proceedings had in Holland which eventuated in the so-called reorganization agreement of October 5, 1933, the plaintiff now has three bonds payable to bearer by which the defendant undertakes to pay him a certain sum in guilders on May 1, 1947, with interest at 6 per cent. on said principal sum semiannually on May 1st and November 1st of each year to and including May 1, 1947.

It is not alleged, and none of the papers show any provision in the bond or the indenture, that there is any provision for the acceleration of the due date of the debt by reason of such default as occurred here.

The plaintiff, however, claims an anticipatory breach by defendant's default in payment of coupon interest, and as damages asks judgment for (1) the principal of the bond, and (2) the interest thereon as evidenced by coupons thereof between this date and May 1, 1947.

The doctrine of anticipatory breach of contract does not apply to a contract such

as we have here, wholly performed by the promisee and without any acceleration provision for repayment of a sum of money loaned with interest thereon till it is repaid. Roehm v. Horst, 178 U. S. 1, 17, 18, 20 S. Ct. 780, 44 L. Ed. 953; Washington County v. Williams, 111 F. 801, 810–811 (C. C. A. 8); cf. Moore v. Security Trust & Life Insurance Company, 168 F. 496, 503, 504 (C. C. A. 8).

But whether what I have said above is right or wrong, it is perfectly obvious that even on his own theory of having a right presently to recover his principal, the plaintiff cannot recover the interest due on future coupons. Otherwise he would be getting interest after his principal was repaid—surely a result never yet reached on sea or land.

It becomes, therefore, unnecessary to consider the question of whether the complaint is deficient as not adequately dealing with Dutch law as required by the decisions.

III. With the second cause of action dismissed on the merits, there is left only the cause of action which is for $288.44, much less than the jurisdictional requirement as to amount, but, as this is a removed case, I do not have to consider any question of good faith in the joining of the two causes of action for the mere purpose of securing jurisdiction in the federal court (cf. Washington County v. Williams [C. C. A.] 111 F. 801, 811), and the action may remain on the docket of this court for trial.

Settle order on notice.