# SAINT PAUL MERCURY INDEMNITY CO. *v.* RED CAB COMPANY.

No. 274. Submitted January 10, 1938.—Decided February 28, 1938.

*Mr. Burke G. Slaymaker* submitted on brief for petitioner.

*Mr. William E. Reiley* submitted for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The decision under review is that, although, at the time of removal of a cause from a state court, the complaint disclosed an amount in controversy requisite to the federal court's jurisdiction, a subsequent amendment, reducing the sum claimed to substantially less than that amount, necessitates remand to the state court. We granted the writ of certiorari because of alleged conflict with our decisions and with those of other federal courts.

The respondent, a corporation of Indiana, issued a summons out of the Superior Court of Marion County, Indiana, against the petitioner, a Minnesota corporation doing business in Indiana, and one Harlan as its agent. The complaint alleged that the respondent was subject to the provisions of the Indiana Workmen's Compensation Act and had entered into a contract of insurance with the petitioner, evidenced by a binder, whereby the petitioner insured the respondent against loss or expense by reason of claims for compensation for a period of thirty days from December 30, 1933, and agreed to act for the respondent in the filing of reports and notices under the Act; that, during the term of the insurance, employes of the respondent had suffered injury in the course of employment and made claims therefor; that the petitioner had been notified of each injury and investigated it in connection with the claim for compensation; that after the expiration of the contract the petitioner notified the respondent that it would not recognize any of the claims and denied liability under the binder; that as a consequence respondent was compelled to employ attorneys, investigators, and medical assistants to investigate and satisfy claims covered by the contract and to pay employes who had suffered injuries during the contract period, and

to pay, or obligate itself to pay, for medical, hospital, or dental bills in connection with such injuries; to the damage of the respondent in the sum of $4,000. It was alleged that the petitioner had acted, in making the contract, through Harlan, its authorized agent and representative, and an order was prayed that Harlan retain all moneys due by him to the petitioner for the purpose of answering any judgment which might be recovered. The complaint concluded by demanding $4,000 and other appropriate relief. Upon the petitioner's timely application the cause was removed to the United States District Court for Southern Indiana. The respondent thereafter filed an amended complaint, the substance of which is not now material, and later a "second amended complaint for breach of contract and for damages," in which the allegations of the original complaint were repeated and damages were claimed in the sum of $4,000. An exhibit was attached which gave the names of the employes and the amounts expended in connection with their asserted injuries totaling $1,380.89. The court dismissed Harlan as a defendant, transferred the cause to the law docket, and overruled a demurrer to the complaint as not stating facts sufficient to constitute a cause of action. The answer denied the making of the contract. A jury trial was waived and the court made findings, stated its conclusions, and entered judgment for the respondent for $1,162.98. The petitioner appealed. The Court of Appeals refused to decide the merits on the ground that as the record showed respondent's claim did not equal the amount necessary to give the District Court jurisdiction, the case should have been remanded to the state court.[1]

The question presented is one of statutory construction. The act defining the jurisdiction of district courts of the

---

[1] 90 F. (2d) 229.

United States is § 24 of the Judicial Code.[2]   So far as here material, the Code confers jurisdiction of a suit of a civil nature, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and is between citizens of different states.

Authority for removal of certain causes from a state to a federal court was first given by § 12 of the Judiciary Act of 1789[3] which permitted removal of a civil suit, instituted by a citizen of the state in which the suit was brought, against a citizen of another state, where the matter in dispute exceeded the sum or value of $500, exclusive of costs.   Such removal could be had only at the instance of the nonresident defendant.   The Act of July 27, 1866,[4] enlarged the privilege of removal by providing that if, in such a civil suit, it was shown that a nonresident defendant was party to a separable controversy, which could be determined without the presence of other defendants, that defendant might remove the cause.

The Judiciary Act of 1875[5] altered preëxisting law to permit suits involving a controversy between citizens of different states to be removed by either party.   The Judiciary Acts of 1887–1888[6] increased the jurisdictional amount to more than $2,000, exclusive of interest and costs, and confined the right of removal to a nonresident defendant, and the Judicial Code increased the limit to over $3,000, exclusive of interest and costs, and also restricted the privilege to nonresident defendants.[7]   The

---

[2] Act of March 3, 1911, c. 231, § 24, as amended, 36 Stat. 1091, U. S. C. Tit. 28, § 41.

[3] Act of Sept. 24, 1789, § 12, 1 Stat. 73, 79.

[4] c. 288, 14 Stat. 306.

[5] Act of March 3, 1875, 18 Stat. 470.

[6] Act of March 3, 1887, § 1, 24 Stat. 552; ·Act of Aug. 13, 1888, § 1, 25 Stat. 433.

[7] Act of March 3, 1911, c. 231, §§ 24 and 28, 36 Stat. 1087, 1091, 1094.

statute governing dismissal or remand for want of jurisdiction is § 37 of the Code.[8]

"If in any suit commenced in a district court, or removed from a State court to a district court of the United States, it shall appear to the satisfaction of the said district court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said district court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this chapter, the said district court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just.

This provision first appeared as § 5[9] of the Act of March 3, 1875 (*supra*), and save for the elision of a concluding clause, and the substitution of "district court" for "circuit court," is identical with that section. It was included in the Judiciary Acts of 1887–1888, *supra*, and has been continuously in force since 1875. It altered the practice by requiring the court to dismiss or remand of its own motion in a proper case although want of jurisdiction was not raised by appropriate motion or by plea or answer,[10] but did not change the substantial basis for

---

[8] Act of March 3, 1911, c. 231, § 37, 36 Stat. 1098, U. S. C. Tit. 28, § 80.

[9] 18 Stat. 472.

[10] Prior to 1875 the courts did not act of their own motion but upon a motion to dismiss or a plea in abatement. *Smith* v. *Kernochen*, 7 How. 198; *McNutt* v. *General Motors Acceptance Corp.*, 298 U. S. 178, 183. Since then it has been their duty not only to act upon a motion to dismiss, (*Steigleder* v. *McQuesten*, 198 U. S. 141) or, if the state practice permits, upon a denial of jurisdiction

the court's action. The principles governing dismissal of a cause initiated in the federal court or the remand of one begun in a state court have remained as they were before the section was adopted.

The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls [11] if the claim is apparently made in good faith.[12]

in the answer, (*Gilbert* v. *David*, 235 U. S. 561; *North Pacific S. S. Co.* v. *Soley*, 257 U. S. 216) but to act *sua sponte* (*McNutt* v. *General Motors Acceptance Corp.*, *supra*, 184) upon any disclosure, whether in the pleadings or the proofs, which satisfies the court, in the exercise of a sound judicial discretion, that the plaintiff did not in fact have a claim for the jurisdictional amount or value, and knew, or reasonably ought to have known, that fact. *Williams* v. *Nottawa*, 104 U. S. 209, 211; *McNutt* v. *General Motors Acceptance Corp.*, *supra*, 184. It is plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation. *McNutt* v. *General Motors Acceptance Corp.*, *supra*, pp. 182–189; *KVOS* v. *Associated Press*, 299 U. S. 269. Even an appellate court must notice the absence of the elements requisite to original jurisdiction or to a removal. *Williams* v. *Nottawa, supra; Robinson* v. *Anderson*, 121 U. S. 522; *McNutt* v. *General Motors Acceptance Corp.*, *supra; American Bridge Co.* v. *Hunt*, 130 Fed. 302; *International & G. N. R. Co.* v. *Hoyle*, 149 Fed. 180.

[11] *Wilson* v. *Daniel*, 3 Dall. 401, 407, 408; *Barry* v. *Edmunds*, 116 U. S. 550; *Sherman* v. *Clark*, 3 McLean 91, Fed. Cas. 12763; *Stuckert* v. *Alexander*, 4 F. Supp. 172.

[12] *Peeler* v. *Lathrop*, 48 Fed. 780; *Ung Lung Chung* v. *Holmes*, 98 Fed. 323; *Washington County* v. *Williams*, 111 Fed. 801; *Greene County Bank* v. *Teasdale Comm'n Co.*, 112 Fed. 801; *American Sheet & Tin Plate Co.* v. *Winzeler*, 227 Fed. 321; *Owen M. Bruner Co.* v. *O. R. Manefee Lumber Co.*, 292 Fed. 985; *Walker Grain Co.* v. *Southwestern Tel. & Tel. Co.*, 10 F. (2d) 272.

It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.[13]   The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.[14]   Nor does the fact that the complaint discloses the existence of a valid defense to the claim.[15]   But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.[16]   Events oc-

---

[13] *Barry* v. *Edmunds, supra; Wetmore* v. *Rymer,* 169 U. S. 115, 122; *Put-In-Bay Waterworks Co.* v. *Ryan,* 181 U. S. 409, 432–433; *Hampton Stave Co.* v. *Gardner,* 154 Fed. 805.

[14] *Smithers* v. *Smith,* 204 U. S. 632; *Holden* v. *Utah & M. M. Co.,* 82 Fed. 209; *Maffet* v. *Quine,* 95 Fed. 199; *Kunkel* v. *Brown,* 99 Fed. 593; *Ung Lung Chung* v. *Holmes, supra; Washington County* v. *Williams, supra; Denver City Tramway Co.* v. *Norton,* 141 Fed. 599; *Hampton Stave Co.* v. *Gardner, supra; O. J. Lewis Mercantile Co.* v. *Klepner,* 176 Fed. 343; *St. Tammany Bank & T. Co.* v. *Winfield,* 263 Fed. 371; *Ragsdale* v. *Rudich,* 293 Fed. 182; *Walker Grain Co.* v. *Southwestern Tel. & Tel. Co.,* 10 F. (2d) 272; *Kimel* v. *Missouri State Life Ins. Co.,* 71 F. (2d) 921; *Simecek* v. *United States National Bank,* 91 F. (2d) 214.

[15] *Interstate Bldg. & L. Assn.* v. *Edgefield Hotel Co.,* 109 Fed. 692; *Armstrong* v. *Walters,* 219 Fed. 320; *Mullins Lumber Co.* v. *Williamson & Brown Land Co.,* 246 Fed. 232.

[16] *Williams* v. *Nottawa, supra; Barry* v. *Edmunds, supra; Vance* v. *W. A. Vandercook Co.,* 170 U. S. 468; *Lion Bonding & S. Co.* v. *Karatz,* 262 U. S. 77; *First National Bank* v. *Louisiana Highway Comm'n,* 264 U. S. 308; *Simon* v. *House,* 46 Fed. 317; *Horst* v. *Merkley,* 59 Fed. 502; *Cabot* v. *McMaster,* 61 Fed. 129; *Bank of Arapahoe* v. *David Bradley & Co.,* 72 Fed. 867; *Armstrong* v. *Walters, supra; Maurel* v. *Smith,* 220 Fed. 195; *Le Roy* v. *Hartwick,* 229 Fed. 857; *Sclarenco* v. *Chicago Bonding Co.,* 236 Fed. 592; *Operators Piano Co.* v. *First Wisconsin Trust Co.,* 283 Fed. 904; *Wilderman* v. *Roth,* 17 F. (2d) 486; *Chick* v. *New England Tel. & Tel.*

curring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.[17]

What already has been said, and circumstances later to be discussed, lead to the conclusion that a dismissal would not have been justified had the suit been brought in the federal court. The principles which govern remand of a removed cause, more urgently require that it should not have been remanded. In a cause instituted in the federal court the plaintiff chooses his forum. He knows or should know whether his claim is within the statutory requirement as to amount. His good faith in choosing the federal forum is open to challenge not only by resort to the face of his complaint, but by the facts disclosed at trial, and if from either source it is clear that his claim never could have amounted to the sum necessary to give jurisdiction there is no injustice in dismissing the suit. Indeed, this is the court's duty under the Act of 1875. In such original actions it may also well be that plaintiff and defendant have colluded to confer jurisdiction by the method of the one claiming a fictitious amount and the other failing to deny the veracity of the averment of amount in controversy. Upon disclosure of that state of facts the court should dismiss.

A different situation is presented in the case of a suit instituted in a state court and thence removed. There is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end.[18]

Co., 36 F. (2d) 832; Nixon v. Town Taxi, Inc., 39 F. (2d) 618; Cohn v. Cities Service Co., 45 F. (2d) 687; Miller-Crenshaw Co. v. Colorado Mill Co., 84 F. (2d) 930.

[17] Mutual Life Ins. Co. v. Rose, 294 Fed. 122; Hood v. Bell, 84 F. (2d) 136.

[18] In Smith v. Greenhow, 109 U. S. 669, 671, a case of trespass for entering plaintiff's premises and carrying away goods of the value of $100, interfering with plaintiff's business, annoying and disturbing him, &c., the damages were laid at $6,000. Though there was not

For if such were the purpose suit would not have been instituted in the first instance in the state but in the federal court. It is highly unlikly that the parties would pursue this roundabout and troublesome method to get into the federal court by removal when by the same device the suit could be instituted in that court.[19] Moreover, the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal, since the defendant must file his petition before the time for answer or forever lose his right to remove.[20] Of course,

diversity of citizenship, as the pleadings raised a federal question, the cause was removed. It was remanded as the circuit court thought there was no federal question involved. The decision was reversed. Speaking of the facts disclosed the court said: "There is a ground for remanding the cause suggested by the record, but not sufficiently apparent to justify us in resorting to it to support the action of the circuit court. The value of the property taken is stated in the declaration to be but $100, although the damages for the alleged trespass are laid at $6,000. . . . We cannot, of course, assume as a matter of law, that the amount laid, or a less amount, greater than $500, is not recoverable upon the case stated in the declaration, and cannot therefore justify the order remanding the cause, on the ground that the matter in dispute does not exceed the sum or value of $500. But if the circuit court had found, as matter of fact, that the amount of damages stated in the declaration was colorable, and had been laid beyond the amount of a reasonable expectation of recovery, for the purpose of creating a case removable under the act of Congress, so that, in the words of the 5th section of the act of 1875, it appeared that the suit 'did not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court,' the order remanding it to the State court could have been sustained." This appears to be the only reported case of a removal by the plaintiff as authorized by the Act of 1875, and is distinguishable on that ground, as respects the possibility that plaintiff's claim may have been colorable for the purpose of removing the case.

[19] *Hayward* v. *Nordberg Mfg. Co.*, 85 Fed. 4, 9. (Per Taft, Lurton and Clark, JJ.)

[20] *Gordon* v. *Longest,* 16 Pet. 97; *Kanouse* v. *Martin,* 15 How. 198; *Chesbrough* v. *Northern Trust Co.,* 252 U. S. 83, affirming *Chesbrough* v. *Woodworth,* 251 Fed. 881; *Muns* v. *DeNemours,* 2 Wash.

if, upon the face of the complaint, it is obvious that the suit cannot involve the necessary amount, removal will be futile and remand will follow.[21]  But the fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdictional requirement,[22] will not justify remand.  And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.[23]

---

C. C. 463, Fed. Cas. 9931; *Riggs* v. *Clark,* 71 Fed. 560; *Hayward* v. *Nordberg Mfg. Co., supra; Johnson* v. *Computing Scale Co.,* 139 Fed. 339.

[21] *North American T. & T. Co.* v. *Morrison,* 178 U. S. 262.

[22] *Levinski* v. *Middlesex Banking Co.,* 92 Fed. 449; *Tennent-Stribling Shoe Co.* v. *Roper,* 94 Fed. 739; *Mannheimer* v. *Nederlandsche,* 6 F. Supp. 564.  *Contra: Jones* v. *Western Union Tel. Co.,* 233 Fed. 301.

[23] *Kanouse* v. *Martin, supra; Kirby* v. *American Soda Fountain Co.,* 194 U. S. 141; *Wright* v. *Wells,* Pet. C. C. 220, Fed. Cas. 18,101; *Roberts* v. *Nelson,* 8 Blatchf. 74, Fed. Cas. 11,907; *Zinkeisen* v. *Hufschmidt,* 1 Cent. L. J. 144, Fed. Cas. 18,214; *Waite* v. *Phoenix Ins. Co.,* 62 Fed. 769; *Riggs* v. *Clark, supra; Hayward* v. *Nordberg Mfg. Co., supra; Johnson* v. *Computing Scale Co., supra; Coffin* v. *Philadelphia, W. & B. R. Co.,* 118 Fed. 688; *Donovan* v. *Dixieland Amusement Co.,* 152 Fed. 661; *Bernheim* v. *Louisville Property Co.,* 221 Fed. 273; *Jellison* v. *Krell Piano Co.,* 246 Fed. 509; *Twin Hills Gasoline Co.* v. *Bradford Oil Corp.,* 264 Fed. 440; *Kane* v. *Reserve Oil Corp.,* 52 F. (2d) 972; *Travelers' Protective Assn.* v. *Smith,* 71 F. (2d) 511; *Beddings* v. *Great Eastern Stages, Inc.,* 6 F. Supp. 529.  *Contra: Hughes & Co.* v. *Peper Tobacco Warehouse Co.,* 126 Fed. 687.  In two tort cases where large damages were claimed, but it appeared at trial that plaintiff's injuries and losses were so slight that a verdict for more than a fraction of the jurisdictional amount could not be sustained the courts remanded. Though not placed upon that ground, their action may have been

Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached.[24]   This is well illustrated by *Kirby* v. *American Soda Fountain Co.,* 194 U. S. 141, 146, where in a suit brought by Kirby he alleged that he was induced by the company's false representations to agree to the exchange of his apparatus for one made by the defendant and to pay $2025 in addition.   He prayed the cancellation of his obligation to pay the balance of $2025, damages of $2500, and general relief.   The cause was removed to the circuit court.   The company answered denying Kirby's charges of fraud, relied upon a written agreement alleged to contain all the terms of the contract, asserted full performance on its part, and that he had paid but $325 on his obligation to pay $2025.   By cross-complaint, the company demanded $1700 and interest from Kirby and the establishment of a lien on the apparatus delivered to him.   Kirby answered that he had voluntarily dismissed the original suit brought by him and that the cross-bill was not within the jurisdiction of the court because it did not claim in excess of $2,000, exclusive of interest and costs.   The plea was overruled and judgment rendered on the cross-complaint. In affirming, the court referred to the amount demanded in Kirby's original complaint and said: "The matter in dispute having thus been made to exceed the sum or value of two thousand dollars, exclusive of interest and costs, defendant presented his petition and bond for removal,

---

justified by the conviction that the defendant when it removed knew that the amount involved was too little to give jurisdiction: *Turmine* v. *West Jersey & S. R. Co.,* 44 F. (2d) 614; *American Stores Co.* v. *Gerlach,* 55 F. (2d) 658.

[24] The same principle applies in cases where a fixed amount is requisite to jurisdiction on appeal. *Lee* v. *Watson,* 1 Wall. 337; *Cooke* v. *United States,* 2 Wall. 218.

and the cause was thereupon removed. The jurisdiction thus acquired by the Circuit Court was not divested by plaintiff's subsequent action."

Fifty years earlier in *Kanouse* v. *Martin,* 15 How. 198, the court had held that voluntary reduction of the amount demanded below the sum necessary to give the circuit court jurisdiction could not defeat that jurisdiction once removal proceedings had been perfected. In reliance upon these precedents many cases, cited in Note 23, have been decided.

We think this well established rule is supported by ample reason. If the plaintiff could, no matter how *bona fide* his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.[25]

This view is further supported by the authorities as to causes in which jurisdiction depends on diversity of citizenship. It uniformly has been held that in a suit properly begun in the federal court the change of citizenship of a party does not oust the jurisdiction.[26] The same

[25] *Woods* v. *Massachusetts Protective Assn.,* 34 F. (2d) 501. And an amendment in the state court reducing the claim below the jurisdictional amount before removal is perfected is effective to invalidate removal and requires a remand of the cause: *Maine* v. *Gilman,* 11 Fed. 214; *Waite* v. *Phoenix Ins. Co., supra; Harley* v. *Firemen's Fund Ins. Co.,* 245 Fed. 471.

[26] *Morgan's Heirs* v. *Morgan,* 2 Wheat. 290, 297; *Mullan* v. *Torrance,* 9 Wheat. 537; *Dunn* v. *Clarke,* 8 Pet. 1; *Clarke* v. *Mathew-*

rule governs a suit originally brought in a state court and removed to a federal court.[27]

The decisions as to remand of a cause removed because it involves a separable controversy are not inconsistent with those concerning remand for lack of jurisdictional amount. In the case of a separable controversy, if, after removal, the plaintiff discontinues or dismisses as to the defendant who removed, so that there no longer exists any separable controversy, the cause must be remanded.[28] If a cause be removed on this ground the whole case, including the controversy between citizens of the same state, is taken over by the federal court only because one or more of the defendants is entitled to invoke its jurisdiction. The basis of federal jurisdiction failing, it is proper that the remaining parties, who were involuntarily taken into the federal court, should, upon the cessation of the separable controversy which was the cause of their transmission to another tribunal, have their case returned to the state court.

The present case well illustrates the propriety of the rule that subsequent reduction of the amount claimed cannot oust the district court's jurisdiction. Suit was instituted in the state court June 5, 1934. The lump sum claimed was largely in excess of $3,000, exclusive of interest and costs. The items which went to make up the respondent's demand for indemnity were numerous and

son, 12 Pet. 164; *Tug River Coal & Salt Co.* v. *Brigel,* 86 Fed. 818, affirming 73 Fed. 13.

[27] *Haracovic* v. *Standard Oil Co.,* 105 Fed. 785; *Lebensberger* v. *Scofield,* 139 Fed. 380. Change of parties by substitution or by intervention does not oust the jurisdiction: *Phelps* v. *Oaks,* 117 U. S. 236; *Hardenbergh* v. *Ray,* 151 U. S. 112; *Wichita R. & Light Co.* v. *Public Utilities Comm'n,* 260 U. S. 48.

[28] *Texas Transportation Co.* v. *Seeligson,* 122 U. S. 519; *Torrence* v. *Shedd,* 144 U. S. 527; *Iowa Homestead Co.* v. *Des Moines N. & R. Co.,* 8 Fed. 97; *Bane* v. *Keefer,* 66 Fed. 610; *Youtsey* v. *Hoffman,* 108 Fed. 699; *Cassidy* v. *Atlanta & C. A. L. Ry. Co.,* 109 Fed. 673; *Sklarsky* v. *Great Atlantic & P. Tea. Co.,* 47 F. (2d) 662.

each, in turn, was itself the total of several items of expenditure or liability. There is nothing to indicate that all of the sums for which reimbursement was claimed had actually been expended prior to the beginning of suit or that the sums thereafter to be expended had been ascertained. Not until the second amended complaint was filed in the United States court, in November 1934, did the respondent furnish a statement of the particulars of its claim. That statement is not inconsistent with the making of a claim in good faith for over $3,000 when the suit was instituted. Nor is there evidence that the petitioner when it removed the cause knew, or had reason to believe, that the respondent's claim, whether well or ill founded in law or fact, involved less than $3,000. On the face of the pleadings petitioner was entitled to invoke the jurisdiction of the federal court, and a reduction of the amount claimed, after removal, did not take away that privilege.

The judgment is reversed and the cause is remanded to the Circuit Court of Appeals for further proceedings in conformity to this opinion.

*Reversed.*

MR. JUSTICE CARDOZO and MR. JUSTICE REED took no part in the consideration or decision of this case.