MONDERER v. UNIVERSAL INS. CO.

Civil Action No. 3827.

District Court, D. New Jersey.

July 5, 1946.

Abram A. Golden, of Newark, N. J., for plaintiff.

Lum, Fairlie & Wachenfeld, by Charles S. Barrett, Jr., all of Newark, N. J., for defendant.

FORMAN, District Judge.

Plaintiff, a resident of New York, filed suit against defendant, a corporation of New Jersey, on a "policy" of insurance in the amount of $18,000 on 520 bags of briarwood valued at the sum insured shipped on board the SS Winnepeg from Marseilles via Martinique to New York. He alleged that during shipment 40 bags were damaged by the perils insured against, that proof of loss and claim were made in the sum of $2,340, that defendant failed to pay this claim, that the market value at the time of loss ranged from $80 to $100 a bag, making a total loss ranging from $3,200 to $4,000, wherefore, judgment in this suit in the amount of $4,000 is demanded.

Defendant answered the complaint and moves for summary judgment on the grounds that: (1) The matter is not within the jurisdiction of this court since less than $3,000 is involved, (2) that the policy on which suit is brought provides that no suit thereon can be maintained unless commenced within twelve months after the happening of the loss, and for that reason plaintiff is presently barred, and (3) there is pending before the Supreme Court of New York the same cause of action between the parties.

Plaintiff resisted defendant's motion and moved for an order permitting an amendment to the complaint supported by his affidavit in which he prayed for leave "to increase the damages claimed as aforementioned and to reform the contract so as to delete from the insurance policy all reference to any open or other policy contract."

The "policy" plaintiff sues on herein is a certificate that plaintiff is insured "under Policy No. 10000" and provides that it is "subject to all the terms of the open policy."

In plaintiff's supporting affidavit he deposed that he was informed that the shipment of 520 bags weighed approximately 103,884 pounds, that at the time of loss a bag weighing approximately 200 pounds had a market value of $100, and that the total value of the shipment was $52,000; that according to his informant in Trinidad, Lloyd Agents, the original 520 bags had

been commingled in 532 bags but weighed 23,864 pounds less; accordingly, he regards the diminution in weight as the equivalent of 119.32 bags valued at $100 each and claims a total loss of $11,925.

In reply to the contention that this action is overdue plaintiff claimed that the commencement of the pending action in the New York Supreme Court is sufficient to toll the twelve month contractual limitation contained in the open policy.

In his complaint in this court plaintiff alleged the loss of 40 bags of briarwood and that he had filed a proof of loss with the company in the sum of $2,340. Particularly in the 11th paragraph he alleges as follows:

"11. The fair market value of the raw briarwood at the time of the said loss ranged from $80.00 to $100.00 per bag, upon the basis of which calculations the 40 bags of briarwood lost on the said voyage, had a total fair market value ranging from $3200.00 to $4000.00."

He concluded his complaint with a damage clause demanding $4,000.

In his pending action in the New York Supreme Court he alleged the identical loss of 40 bags of briarwood and specifically claimed damages in the sum of $2,340.

Under the certificate, a copy of which was annexed to the complaint herein, the limit of his insurance was $18,000 on a shipment valued at the sum of his insurance and it was provided as a specific condition therein that the insurance was issued "subject to particular average if amounting to three (3%) each bag separately insured." This is plain and unambiguous language which can only mean that the plaintiff purchased insurance in the aggregate sum of $18,000 covering 520 bags of briarwood. Each bag was insured for its proportion of $18,000 providing it was damaged or lost to the extent of more than three per cent.

In the present motion to amend the plaintiff has contrived to value the shipment at $100 per bag, or a total of $52,000. He presents a new theory in which he represents the weight of the shipment separated into 520 bags with a value on each bag deduced from the value of the total. He now concludes that 119.32 bags are missing and estimates his loss to be $11,925

based on alleged "fair market" valuations. The present calculation is based upon information obtained from Trinidad and is totally hearsay. However, be that as it may, the plaintiff cannot recover $11,925, as he now alleges his loss, or $4,000, as is stated on the face of his present complaint. Plaintiff has solemnly stated his loss to have been 40 bags on no less than three occasions. First, in his proof of claim; secondly, in his New York action; and finally, in his complaint in this court. The insured loss is limited to that proportion of $18,000 as 40 bags bear to 520 bags, or $1,384.62.

It appears that he has grasped for some foundation to base the jurisdictional minimum of $3,000 damages under which he could file suit in this court and he has attempted to confer jurisdiction upon it which does not exist.

In the case of St. Paul Mercury Indemnity Co. v. Cab Co., 303 U.S. 283, 288-289, 58 S.Ct. 586, 590, 82 L.Ed. 845, the Court made the following comments, pertinent herein:

"The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

The court concludes that this complaint falls within the prohibitive language quoted above since it is apparent on the face of the pleadings and the admissions before the court that plaintiff cannot claim

an insured loss amounting to $3,000. Nor are we impressed with the basis for plaintiff's request to amend his complaint at this time because it fails to attain a level of factual proof and, indeed, it is contrary to the plaintiff's repeated assertions of his loss made heretofore. The suit should be dismissed for want of jurisdiction and plaintiff's motion to amend should be denied.

It is unnecessary under this disposition of the motion to discourse upon the further grounds offered by the parties in support of their respective positions.

Let defendant submit an order in accordance herewith.