**BENTON et al. v. SOUTHERN PAC. CO. et al.**

**No. 27948.**

United States District Court
N. D. California, S. D.

May 18, 1949.

907

John C. Alaimo and Dudley T. Shearer, San Francisco, Cal., for plaintiffs.

Burton Mason, Lawrence L. Howe, and W. A. Gregory, Jr., San Francisco, Cal., for defendant Southern Pac. Co.

G. B. Blanckenburg, Jacobs, Blanckenburg & May, San Francisco, Cal., Richard R. Lyman, Mulholland, Robie & McEwen, Toledo, Ohio, for intervening defendants.

GOODMAN, District Judge.

When filed, the complaint in this action set out two causes of action. In the second cause of action, plaintiffs sought a declaration that the so-called majority union[1] did not have the exclusive right to represent employees of defendant railroad in investigations held pursuant to Rule 33[2] of the Collective Bargaining Agreement between the majority union and defendant Southern Pacific Company. The Court heretofore dismissed the second cause of action upon the ground that it did not present a justiciable controversy.[3] General Committee v. Southern Pacific Co., 320 U.S. 338, 64 S.Ct. 142, 88 L.Ed. 85.

The cause then went to trial upon the issues tendered by the first cause of action. Therein plaintiff Benton (a member of a minority union) sought to be reinstated to the position from which defendant railroad had discharged him, for two reasons: (1)

1. The intervening defendant, System Federation No. 114 of the Railway Employes' Department of the American Federation of Labor, was the collective bargaining representative of the class of employees to which plaintiff belonged, selected pursuant to the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq. Plaintiff Benton was a member of the so-called minority union, the United Railroad Workers of America (C. I. O.), Local #1577. The minority union joined as plaintiff in the second cause of action.

2. Rule 33(a): "An employe who is suspended, disciplined or dismissed, shall be informed of the specific charge upon which the action is based (in writing if requested); if the employe makes written request on the officer who notified him of the action taken and within ten (10) days after being so notified, shall be granted an investigation within five (5) days after making the request. At such investigation the employe may be represented by a Committeeman representing the employes under this Agreement * * *."

3. See "Order Granting Motion to Dismiss in Part," filed May 20, 1948.

that Rule 33 requiring plaintiff to be represented by a committeeman from the majority union is illegal in that it violates the provisions of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and the Fifth Amendment to the Constitution (due process clause) and (2), that the discharge was without sufficient cause, because of which plaintiff was damaged in the sum of $5,750.00.

■ The issue raised in the first cause of action respecting Rule 33 of the Collective Bargaining Agreement is the same as that presented in the dismissed second cause of action. It is immaterial that it was there raised by the individual plaintiff rather than the plaintiff union as in the second cause of action. It is not justiciable for the reasons stated in the order dismissing the second cause of action.

Jurisdiction to determine the only remaining issue in the first cause of action, i. e. unlawful discharge and damages therefor, rests upon diversity of citizenship. 28 U.S.C.A. § 1332. The matter in controversy must be $3,000 or more. While the complaint alleged the amount in controversy to be more than $3,000, the evidence showed the plaintiff never at any time had a claim in the jurisdictional amount.[4]

■ The Court has a continuing duty to inquire into its own jurisdiction.[5]

■ The claim asserted (as to the jurisdictional amount) was obviously colorable. It is clear from the evidence, that plaintiff never had a bona fide claim for damages jurisdictionally sufficient. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845.

The cause must be dismissed for lack of jurisdiction and it is so ordered.

4. In fact, at the trial, plaintiff Benton waived his claim for damages. This was for the reason that Benton had other employment after his discharge. His damage claim was wholly insubstantial.

5. From the time the action starts until the last step is taken in the trial court, this duty continues. McNutt v. General Motors Acceptance Corp. of Indiana,

298 U.S. 178, 189, 56 S.Ct. 780, 82 L.Ed. 1135; Clark v. Paul Gray, Inc., 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001; Read v. Dickerson, 312 U.S. 656, 61 S.Ct. 713, 85 L.Ed. 1105. Even later, it is the duty of the reviewing court to make the same inquiry. Atchison, Topeka & S. F. Ry. Co. v. Francom, 9 Cir., 118 F.2d 712.