**Thomas P. COOPER, Plaintiff,**

v.

**SINCLAIR REFINING CO., Defendant.**

United States District Court
S. D. New York.
Dec. 8, 1961.

656

Klein, Fields & Nolan, New York City, for plaintiff; Milton Davis, New York City, of counsel.

Purdy, Lamb & Catoggio, New York City, for defendant; Vincent A. Catoggio, New York City, of counsel.

FEINBERG, District Judge.

This is a motion to dismiss a complaint setting forth four causes of action including claims for personal injury under the Jones Act, 46 U.S.C.A. § 688, and for maintenance and cure. Defendant has moved to dismiss on the ground that the amount in controversy is less than $10,000. 28 U.S.C.A. § 1331. For the reasons set forth below, the motion is denied.

The complaint alleges in substance that while employed by defendant as a seaman on board a vessel, plaintiff fell and sustained severe and permanent injuries. Plaintiff alleges that the injuries were caused by the unseaworthiness of the vessel and the negligence of defendant. Plaintiff further claims that the injuries were aggravated by defendant's requiring him to continue to work thereafter, its failing to give him medical aid and its refusal, except for a brief period, to pay maintenance and cure. The complaint also has a separate count for maintenance and cure. The complaint alleges on each cause of action damages well above the jurisdictional amount.

From the affidavits submitted, it is clear that there is a sharp controversy as to the amount of damages plaintiff can recover. The attorney for plaintiff states in an affidavit that "As a result of the accident he suffered an injury to his right knee, and aggravation and re-injury to a hiatus hernia and subsequently while in the hospital and in surgery for the repair of that hiatus hernia he suffered a heart attack. He cannot work to this day." The attorney for defendant states in an affidavit that "the only injury for which plaintiff can make claim herein is for his knee" and has produced supporting documents such as accident reports, depositions, and hospital records.

The applicable rule is that "* * * the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848 (1938). See Central Mexico Light & Power Co. v. Munch, 116 F.2d 85, 87 (2 Cir.1940). I do not feel that on the record presently before me I can properly find as a legal certainty that the claim is really for less than the jurisdictional amount or that it is made in bad faith. Accordingly, the motion is denied.[1] On this view of the case, it is unnecessary to decide whether a complaint under the Jones Act need allege the jurisdictional amount. Cf. Moore, Federal Practice Rules and Official Forms 1118 (1961) with H.R.Rep. No. 1706, 85th Cong., 2d Sess. 5 (1958).

So ordered.

---

1. Denial is, of course, without prejudice to the rights, if any, defendant may have under 28 U.S.C.A. § 1331(b) to have costs imposed on plaintiff should he recover less than the jurisdictional amount.