**Paul F. ALLEN and Heloise Mae Allen, Plaintiffs,**

v.

**DENVER–CHICAGO TRUCKING COMPANY, Inc. and Merrill Marion Rossen, Defendants.**

Civ. A. No. 14151–4.

United States District Court
W. D. Missouri, W. D.

Sept. 5, 1963.

See also 32 F.R.D. 616.

Carrol C. Kennett, Ray D. Jones, Jr., Kansas City, Mo., for plaintiffs.

Caldwell, Blackwell, Sanders & Matheny, by William H. Sanders and Donald L. Dorei, Kansas City, Mo., for defendants.

BECKER, District Judge.

In response to an inquiry by the Court by means of a questionnaire, the defendants have asserted that the amount in controversy in this case does not exceed $10,000 exclusive of interest and costs. The plaintiff, on the other hand, claims a verdict for any amount up to $25,000 would be warranted by the evidence.

The undisputed facts apparent from the record and briefs in this cause are as follows: the plaintiffs are suing for damages for the wrongful death of their son Kenneth Allen, who was born June 11, 1942. Kenneth Allen died on September 1, 1962, in a collision between a tractor-trailer operated by the defendants and an automobile operated by the deceased, Kenneth Allen. Plaintiffs claim that the collision causing the death of Kenneth Allen resulted from the negligence of the defendants in making a U-turn on the Sixth Street Freeway in Kansas City, Missouri, in violation of an ordinance of Kansas City, Missouri; failure to keep a vigilant lookout; failure to yield the right of way; and failure to stop. The defendants deny the existence

of negligence of defendants and causal connection thereof with the death of plaintiffs' son, and plead contributory negligence of the deceased in several respects. The deceased, Kenneth Allen, died 9 months and 11 days before his 21st birthday.

This action is brought under sections 537.080 and 537.090, RSMo 1959, V.A. M.S., the wrongful death statute of Missouri of general application. The provisions of the statute setting forth the damages recoverable for wrongful death are as follows:

"537.090. Amount of damages recoverable

"In every action brought under section 537.080, the jury may give to the surviving party or parties who may be entitled to sue such damages, not exceeding twenty-five thousand dollars, as the jury may deem fair and just for the death and loss thus occasioned, with reference to the necessary injury resulting from such death, and having regard for the mitigating or aggravating circumstances attending the wrongful act, neglect or default resulting in such death."

The defendants base their claim that the amount in controversy does not exceed $10,000 upon the claim that the only allowable damages in this cause are (1) the funeral expenses and (2) the value of the minor's services to the parents during the child's minority but not beyond the time the child reaches 21. Defendants assert that the funeral bill did not exceed $1,400; that plaintiffs' deposition discloses that the deceased's annual income at the time of his death was approximately $4,457; that the deceased contributed $10 a week to his parents for room and board and occasionally paid additional amounts of as much as $10 per week or more; that he occasionally purchased clothes for other members of the family; and that the deceased worked at two different jobs at the time of his death. From this it is reasoned that the limit of recovery would be the funeral bill of $1,400 plus the fraction of his annual wages of $4,457, a total obviously less than $10,000. On the other hand the plaintiffs claim that the deceased was unmarried and did not contemplate marriage, that he continued to live with his parents and regularly contributed a portion of his earnings to his mother and father and bought necessities for his brother and sisters. Plaintiffs further contend that the right of recovery for the wrongful death of a minor is not limited to the value of his services during minority. The plaintiffs contend that the proper test is the reasonable probability of pecuniary loss resulting from decedent's death to be measured by "the reasonable probability of pecuniary benefit from the continued life of the deceased." The plaintiffs further contend that the jury may take into consideration the probable willingness and ability of the deceased to continue the pecuniary benefits to his parents after his majority, citing Richeson v. Hunziker (Mo.), 349 S.W.2d 50, l. c. 52–53, among other cases. The plaintiffs also contend that the jury may increase the award beyond the pecuniary loss if they find aggravating circumstances in the wrongful act which caused the death, citing the above quoted section 537.090 RSMo 1959, V.A.M.S. and cases construing that section.

The legal propositions asserted by the plaintiffs are sound.

The Court cannot upon the papers on file find to a legal certainty (1) that there are no aggravating circumstances which would justify the jury in increasing the award beyond the necessary pecuniary loss and (2) that it is improbable that services and benefits of a pecuniary value to the plaintiffs would have been continued beyond the 21st birthday of the deceased. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845. Therefore the issue concerning the amount in controversy is determined in favor of the plaintiffs and in favor of jurisdiction of this Court.