**Barry MENTZEL, as representative of the class, Plaintiffs,**

v.

**COMCAST CABLE COMMUNICATIONS, et al., Defendants.**

No. 02–71171.

United States District Court, E.D. Michigan, Southern Division.

Oct. 18, 2002.

Justin Haas, Gittleman, Paskel, Tashman & Walker, PC, Southfield, MI, for Plaintiff.

Thomas J. Tallerico, J. Adam Behrendt, Troy, MI, Jaime A. Bianchi, White & Case, First Union Financial Center, Miami, FL, for Defendant.

**ORDER OF REMAND**

FEIKENS, District Judge.

Before me is plaintiff's motion to remand this case, removed to this court on a diversity jurisdiction basis. This is a class-action breach of contract claim coupled with a claim under the Michigan Consumer Protection Act. M.C.L. § § 445.901 *et seq.*

Plaintiff claims that there are 180,000 persons similarly situated to him and that in no event will there be any claim that exceeds $160.

Plaintiff himself seeks reimbursement for intermittent cable-internet service at $39.95 a month for no more than four months and plaintiff's counsel stated on the record that there is no claim for consequential or punitive damages.

On a motion to remand to state court, plaintiff must show "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indemnity v. Red Cab Co.*, 303 U.S. 283 at 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In a class action the claims of the class cannot be aggregated to meet the requisite jurisdictional floor ($75,000). *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Common sense dictates that plaintiff cannot recover more than $160 per person or claim. Thus, it is a legal certainty that the amount in controversy does not exceed the $75,000 required under 28 U.S.C. § 1332(a) and this court lacks subject matter jurisdiction over this case.

IT IS HEREBY ORDERED that this case be REMANDED to the Oakland County Circuit Court pursuant to 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**