Ardeshir JAVAHERI, Plaintiff—
Appellant,

v.

**STATE FARM FIRE AND CASUALTY COMPANY, (erroneously sued as State Farm Insurance Company), Defendant—Appellee.**

No. 99–56891.
DC No. CV 98–9918 AHM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Decided March 4, 2003.

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit,

MEMORANDUM**

Ardeshir Javaheri appeals the district court's grant of summary judgment in favor of State Farm Fire and Casualty Company (State Farm). Javaheri sued State Farm alleging bad faith and seeking declaratory relief in connection with the handling of his claim for earthquake property damage after the 1994 Northridge earthquake. The district court determined that Javaheri's homeowners and earthquake insurance policies' one-year suit limitation barred his claim against State Farm.[1]

After the district court granted summary judgment but while Javaheri's appeal was pending, the California legislature enacted California Code of Civil Procedure § 340.9, (effective January 1, 2001) which extended the limitations period for certain Northridge earthquake cases. Javaheri meets the basic requirements for the extension of the limitations period, namely he filed his claim prior to January 1, 2000, and his case has not been litigated to finality as determined by our recent decision in *Campanelli v. Allstate*, —— F.3d ——, No. 00–55466, 2003 WL 670196, (9th Cir. March 3, 2003).

In light of our decision in *Campanelli*, which upholds the constitutionality of California Code of Civil Procedure § 340.9, we reverse and remand this case for further proceedings consistent with *Campanelli*.

At this time, we decline to consider Javaheri's personal property claim since the district court did not address the issue in its written opinion.

REVERSED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. After the parties submitted briefs in this case, State Farm filed a motion to dismiss for lack of subject matter jurisdiction. State Farm asserts that the amount in controversy is now below the requisite $75,000. We deny State Farm's motion. We analyze jurisdiction based on the amount in controversy at the time State Farm removed Javaheri's state claim to federal court. *See Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir.1998). At that time, State Farm averred that the amount in controversy exceeded $75,000. "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) ("a federal court is not divested of jurisdiction ... if the amount in controversy subsequently drops below the minimum jurisdictional level").