Patrick MILLER, dba The Pit Stop, Plaintiff—Appellant,

v.

MAVERIK COUNTRY STORES, INC., a Wyoming corporation; William Call; Val Call; Larry Call, Defendants—Appellees.

No. 02–35417.

D.C. No. CV–99–00381–BLW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided July 30, 2003.

Before LAY,* GOODWIN, and GOULD, Circuit Judges.

## MEMORANDUM**

Patrick Miller d/b/a The Pit Stop ("Pit Stop") appeals the district court's assertion of jurisdiction over this case and subsequent grant of summary judgment in favor of Maverik Country Stores, Inc. ("Maverik"). We reverse and remand to the district court for further findings on whether the amount in controversy necessary for diversity jurisdiction has been satisfied. Because we reverse and remand on the jurisdictional issue, we do not reach the merits of the district court's summary judgment ruling.

The parties are familiar with the facts and we recite them only as necessary for this disposition. Pit Stop and Maverik operate gasoline stations in Wendell, Idaho and compete against each other in the sale of retail gasoline. In 1999, Pit Stop sued Maverik in state court alleging that Maverik sold gasoline at "less than cost" (as defined by I.C. § 48–403) and engaged in unfair competition by pricing its gasoline lower than fair market value (in violation of I.C. § 48–102). Pit Stop sought "damages in such sum exceeding $10,000 [as] proven up at trial," injunctive relief against further violation of Idaho law, and attorneys' fees.

Maverik removed the case asserting that the district court had diversity jurisdiction under 28 U.S.C. § 1332. Pit Stop moved for remand back to state court, contending that damages did not satisfy the requisite amount in controversy. The district court denied the motion after estimating Pit Stop's damages at $20,000, trebling that amount pursuant to state law at the time,[1]

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At the time Pit Stop filed its complaint, Idaho's Unfair Sales Act provided for treble damages. Although this particular provision was subsequently repealed, it still applies for the purpose of determining the amount in controversy. *Hill v. Blind Indus. and Servs. of Maryland*, 179 F.3d 754, 757 (9th Cir.1999) ("diversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction ... if the amount in controversy subsequently drops below the minimum jurisdictional level.") (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293–95, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).

and forecasting attorneys' fees at over $15,000.

Pit Stop has failed to provide a clear picture of its damages since litigation began between the parties. In its complaint, Pit Stop alleged "damages in such sum exceeding $10,000 [as] may be proven up at trial." Shortly thereafter, Pit Stop indicated in open court that it intended to stipulate to an amount in controversy less than $75,000. However, it withdrew the stipulation on the same day and reserved the right to amend its complaint and seek higher damages. Finally, in its papers urging remand, Pit Stop conceded a "rough estimate" of "monetary damages ... between $10,000 and $20,000."

Maverik also has failed to meet its burden of proving by a preponderance of the evidence the facts necessary to support jurisdiction, namely the actual damages at stake. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996). Maverik stated in its removal papers that "based on a preponderance of the evidence contained in Exhibit A ... it is more likely than not that the actual amount in controversy exceeds $75,000." However, it appears that Maverik never attached any supporting documents (entitled "Exhibit A" or otherwise) to substantiate its claim. Notwithstanding the absence of supporting documentation, the district court selected $20,000 as the operative figure to use in its calculation.

It is difficult for us to justify, or to see how the district court could justify, pinpointing Pit Stop's damages at $20,000. The record is bereft of evidence to show the actual losses suffered by Pit Stop assuming its allegations against Maverick are true. Detailed evidence on actual losses is especially crucial in this case because incremental differences, once trebled, will have a significant impact on the amount in controversy. For instance, had the district court pinpointed Pit Stop's damages at $10,000, then it would have to assume that attorney's fees would surpass $45,000 to retain jurisdiction. Neither party submitted an affidavit to that effect and the sparse record provides even less guidance.

Our analysis does not change even if we adopt Maverik's "viewpoint" to determine the amount in controversy. *See In re Ford Motor Co.,* 264 F.3d 952, 958 (9th Cir.2001) (court may use defendant's "viewpoint" of costs to determine amount in controversy if plaintiff's potential recovery is below the relevant amount). Other than a conclusory statement by its president that compliance "could easily exceed the amount of seventy-five thousand dollars ($75,000)," Maverik has provided very little evidence to suggest its potential costs if Pit Stop prevailed. The district court posited that an analysis based on historic sales might provide a reliable estimate of these costs. However, without further development of the record, we cannot assess this hypothesis.

This court has a "strong presumption" against removal and will reject federal jurisdiction "if there is any doubt as to the right of removal." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). Without further development of the record to determine Pit Stop's actual damages or Maverik's cost of compliance with an injunction, we cannot say that the district court properly retained jurisdiction over this case. Because we remand for additional findings on jurisdiction, we do not reach the issue of whether the district court properly granted summary judgment for Maverik.

REVERSED AND REMANDED.