**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JEFFREY MALKAN; SUSAN MALKAN, | No. 21-15067 |
| Plaintiffs-Appellants, | D.C. No. 4:20-cv-00060-JGZ |
| v. | |
| OMNI HOTELS MANAGEMENT CORPORATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted October 12, 2021[**]

Before:     TALLMAN, RAWLINSON, and BUMATAY, Circuit Judges.

Jeffrey Malkan and Susan Malkan appeal pro se from the district court's

judgment dismissing their diversity[1] action alleging tort claims under Arizona law.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     The district court erred in finding that the amount in controversy requirement for diversity jurisdiction was not met. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (in order to dismiss for lack of diversity jurisdiction, it

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Jeffrey Malkan's action because Mr. Malkan failed to allege facts sufficient to state a plausible claim. *See McMurtry v. Weatherford Hotel, Inc.*, 293 P.3d 520, 528 (Ariz. Ct. App. 2013) (setting forth elements of a negligence claim); *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 562-63 (Ariz. Ct. App. 1995) (setting forth elements of an intentional infliction of emotional distress claim and explaining that plaintiff must show acts "so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by dismissing Jeffrey Malkan's first amended complaint without leave to amend because amendment would have been futile. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for determining whether to grant leave to amend).

The district court abused its discretion in finding that the amount in controversy requirement for diversity jurisdiction was not met. *See Saint Paul*

---

must be apparent to a legal certainty that plaintiffs cannot recover what they claim)."

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (requiring it to be apparent to a legal certainty that plaintiffs cannot recover what they claim before dismissal).

   **AFFIRMED.**