**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Earl FIELDING, Appellee.**

No. 22731.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1965.

Sam J. Day, Fort Worth, Tex., Brown, Day & Crowley, Fort Worth, Tex., on the brief, for appellant.

Kelly Jacobs, Fort Worth, Tex., Jacobs & Lipscomb, Fort Worth, Tex., and James F. Fanning, Comanche, Tex., on the brief, for appellee.

Before RIVES, BROWN and MOORE,* Circuit Judges.

PER CURIAM.

The sole question in this appeal is whether the District Court was correct in holding that the amount in controversy exceeded the statutory minimum of $10,-000 exclusive of interest and costs. 28 U.S.C.A. § 1332(a). See generally Horton v. Liberty Mut. Ins. Co., 1961, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890. The suit under the Texas Workmen's Compensation Act, Tex.Rev.Civ.Stat.Ann.

* Of the Second Circuit, sitting by designation.

art. 8306 et seq. (1956), was a routine complaint seeking 401 weeks of compensation at the statutory maximum of $35 per week for total permanent disability, aggregating $14,035 if paid weekly. Subsequently, the pleadings reflected that 87 weeks' compensation had already been paid, thus making the maximum recoverable $10,990 (401 − 87=314 weeks × $35) if paid weekly. Both of these amounts exceed the minimum. The pleadings also subsequently reflected that the Plaintiff and Insurer agreed that if an award for total permanent disability was rendered, payment could be made in a lump sum under article 8306, § 15 (1956), with a statutory discount of 4% as provided in article 8306a. Lump-sum payment of $10,990 would amount to $9,781. It is this figure which Insurer contends was the amount in controversy. We disagree.

Whether measured by the amount in the original complaint or by the amount shown to be involved after crediting the 87 weeks of payments, the amount in controversy literally exceeded $10,000, and under the accepted test, Saint Paul Mercury Indem. Co. v. Red Cab Co., 1938, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, there was no basis for concluding that the amount involved was not claimed in good faith. The expressed willingness of the parties to acquiesce in a lump-sum award with statutory discount was conditioned upon a determination of total permanent disability—a matter then very much in dispute—and in any event such agreement could not foreclose the right or duty of the trial Judge to exercise his own independent discretion.

As to Appellant's contention that the Appellee designated unnecessary portions of the record, we agree and all costs accruing for preparation and reproduction of record pages 38 through 194 and 212 through 219 are to be borne by and assessed against Appellee. Appellee's motion for penalties is denied.

Affirmed as to merits; modified as to costs.