Joanne **KINOY** and Arthur Kinoy,
Plaintiffs,

v.

**John N. MITCHELL**, individually and as
Attorney General of the United
States, et al., Defendants.

No. 70 Civ. 5698.

United States District Court,
S. D. New York.

July 13, 1971.

Melvin Wulf, John Lowenthal, David Scribner, New York City, Morton Stavis, Herbert O. Reid, Sr., Newark, N. J., Arthur Kinoy, Ann Garfinkle, Doris Peterson, James Reif, New York City, for plaintiffs.

Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., for defendants; Daniel Riesel, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

By notice of motion dated April 26, 1971, defendants move pursuant to Fed. R.Civ.P. 12(b) (1) and (6) to dismiss the within amended complaint for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and because certain of plaintiffs' claims were previously considered and rejected by another judge of this court.

On December 10, 1970, Arthur Kinoy, one of the plaintiffs herein, was subpoenaed to appear before a grand jury of this court to tell the whereabouts of his daughter, Joanne Kinoy, the other plaintiff in this action. Mr. Kinoy, on December 17, 1970, moved before Judge Frankel of this court to quash that subpoena on the grounds that: (1) as a civil liberties lawyer, his appearance before the grand jury to give information about a client would have a forbidden chilling effect on the free exercise of his first amendment rights and those of his clients, of whom his daughter was one; (2) the information the grand jury sought from him was protected by the attorney-client privilege and by a parent-child privilege; (3) the grand jury was being used unlawfully to carry out the investigative activities of the F.B.I.; and (4) the subpoena had been issued in bad faith in order to harass him and interfere with his activities as a civil liberties lawyer. A hearing was held on December 23, 1970 and thereafter, on December 28, 1970, the motion to quash the subpoena was denied.

On the same day the motion to quash was denied, plaintiffs filed their original complaint and, by order to show cause, sought a preliminary injunction to restrain any attempt by defendants to require plaintiffs to appear and testify before the grand jury pursuant to the subpoenas that had been served on them.[1] A hearing was held on the motion for a preliminary injunction on December 31, 1970, and by agreement of the parties the prior proceedings dealing with the motion to quash were incorporated into the instant action.[2] In their original complaint, plaintiffs asserted three causes of action which were mere restatements of the grounds Arthur Kinoy had put forth in the attempt to quash his subpoena.[3] Noting serious questions as to the court's jurisdiction and that these claims of plaintiffs had previously been considered by the court and rejected, Judge Frankel denied the preliminary injunction and allowed plaintiffs further opportunity to respond to a motion by defendants to dismiss the original complaint.[4] Plaintiffs, however, filed an amended complaint asserting two new causes of action in

---

[1]. Miss Kinoy, pursuant to an agreement of counsel, appeared at the hearing on the motion for a preliminary injunction and was served with a subpoena to appear before the grand jury.

[2]. Kinoy v. Mitchell, Docket No. 70 Civil 5698, Transcript of Hearing on Preliminary Injunction at 11–12 (S.D.N.Y. dated Dec. 31, 1970).

[3]. Kinoy v. Mitchell, Docket No. 70 Civil 5698 (S.D.N.Y. filed January 6, 1971).

[4]. *Id.* at 12–13; 15–17. Plaintiffs still have not overcome these objections to their last four causes of action. *See* note 8, *infra.*

addition to the original three, and defendants now move to dismiss the amended complaint.

Although the amended complaint purports to assert five causes of action,[5] plaintiffs essentially make only two claims. The first is found in the first cause of action of the amended complaint and alleges in substance that defendants have infringed upon various constitutional and statutory rights of plaintiffs by carrying out illegal and unauthorized electronic surveillance of plaintiffs' telephones. The second claim includes the other four causes of action and attacks the validity and enforceability of the subpoenas that were served on plaintiffs.

■■■ As Judge Frankel observed in his decision denying the preliminary injunction, the last four causes of action in the amended complaint are merely attempts to have the court in effect quash the subpoenas.[6] Inasmuch as Judge Frankel has twice refused such action and has rejected the grounds on which plaintiffs seek to have the subpoenas declared null and void,[7] plaintiffs should not be permitted to again litigate these questions. In fact, the law of the case is now well established against plaintiffs and this Court finds no reason to disturb Judge Frankel's rulings, especially since jurisdiction of these four causes of action does not appear to be present.[8] There remains as an additional basis for dismissing plaintiffs' last four causes of action the fact that the attack on the subpoenas is premature. Mr. Kinoy has not been required to appear before the grand jury and although Joanne Kinoy did appear twice before the grand jury, she did not testify and her subpoena is not presently being enforced.[9] Any attack by plaintiffs on the validity of the subpoenas or on the ques-

5. Plaintiffs' five causes of action are in essence these: (1) defendants have conducted unauthorized and illegal electronic surveillance of plaintiffs' telephones; (2) the grand jury is being illegally used to carry out investigative work of the F. B.I.; (3) the subpoenas served on the plaintiffs are tainted by the unconstitutional and illegal electronic surveillance of plaintiffs by defendants; (4) the mere appearance of the plaintiffs before the grand jury will have a forbidden chilling effect upon the free exercise of their first amendment rights; (5) the subpoena served on Arthur Kinoy was issued in bad faith merely for the purpose of harassing him and interfering with his activities as a civil liberties lawyer.

6. Kinoy v. Mitchell, *supra* note 3.

7. *Id.* at 15–17.

8. Plaintiffs have not substantiated their claim that the court has jurisdiction over the last four causes of action under 28 U.S.C. §§ 1331 and 1343. With regard to 28 U.S.C. § 1331, there is a mere allegation that more than $10,000 is in controversy. It is clear that plaintiffs have the burden of establishing that more than $10,000 is in controversy and, since they have not done so, jurisdiction under 28 U.S.C. § 1331 cannot be sustained. *See* 1 J. Moore, Federal Practice ¶ 0.92 [3.–1] at 838 and cases cited therein. Furthermore, the rights which plaintiffs seek to assert in the last four causes of action seem incapable of pecuniary valuation and as such cannot sustain jurisdiction under 28 U.S.C. § 1331. *See generally*, 1 J. Moore, Federal Practice ¶ 0.92 [5]. Finally, plaintiffs do not specify what Act of Congress providing for the protection of civil rights they rely on in order to support jurisdiction over the last four causes of action under 28 U.S.C. § 1343.

9. Miss Kinoy did appear before the grand jury on two different occasions, but she invoked the fifth amendment and refused to testify. The Government then granted her immunity in order to obtain her testimony, but she still refused. Thereafter, upon motion of the Government to compel Miss Kinoy to testify, Judge Motley held the immunity grant was unconstitutional, and the Government has not appealed that decision. In re Grand Jury Testimony of Joanne Kinoy, 326 F.Supp. 407 (S.D.N.Y. Jan. 29, 1971). Therefore, unless the Government offers Miss Kinoy a sufficient grant of immunity she may continue to invoke the fifth amendment and refuse to testify. Moreover, since the Government is not currently attempting to enforce plaintiffs' subpoenas, the present attack on the validity of the subpoenas is premature and does not present this Court with a justiciable case or controversy.

tions propounded by the grand jury must await such questioning. See Clavir v. Mitchell, Docket No. 71 Civil 2526, Hearing on Preliminary Injunction (S.D. N.Y., dated June 15, 1971); Bowes v. The Commission to Investigate Allegations of Police Corruption and the City's Anticorruption Procedures, Docket No. 71 Civil 1933 (S.D.N.Y., filed May 14, 1971). Furthermore, assuming that certain questions to be asked by the grand jury are tainted by illegal and unconstitutional activity of the defendants, plaintiffs may refuse to answer them, In re Joques Egan, 450 F.2d 199 (3rd Cir., filed May 28, 1971), but plaintiffs do not have a cause of action for anticipatory relief from the subpoenas. See Clavir v. Mitchell, *supra*; Bowes v. Commission, *supra*.

▪ There remains for consideration plaintiffs' first cause of action which charges that defendants or their agents have conducted unauthorized and illegal electronic surveillance of their telephone conversations. Congress has specifically granted to persons whose wire or oral communication is intercepted, disclosed or used in violation of Chapter 119 of Title 18 of the United States Code, a civil cause of action for money damages against those who intercept, disclose or use such communications. 18 U.S.C. § 2520. Congress intended that Chapter 119, which prohibits certain wiretapping and electronic surveillance, be as pervasive as the fourth amendment constitutional standards set out in Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967), and Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). U.S.Code Cong. and Admin.

News, 2113 (90th Cong. 1968). If defendants have in fact conducted unauthorized or illegal electronic surveillance in violation of plaintiffs' rights under the fourth amendment, a cause of action exists both under 18 U.S.C. § 2520 and under the fourth amendment. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (June 21, 1971). Contrary to what the defendants contend in their motion to dismiss pursuant to Fed.R.Civ.P. 12(b) (6) plaintiffs can prevail under the first cause of action if certain facts are proved—that defendants conducted illegal wiretapping of plaintiffs' telephones. *E. g.,* O'Brien v. Paddock, 246 F.Supp. 809, 812 (S.D. N.Y.1965).

▪ With regard to jurisdiction over the first cause of action, plaintiffs have alleged that more than $10,000 is in controversy, and since 18 U.S.C. § 2520 provides for punitive damages as well as compensatory damages of $100 for each day the statute is violated, one cannot say to a legal certainty that plaintiffs do not satisfy the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Furthermore, jurisdiction seems to lie under 28 U.S.C. § 1343(4) since 18 U.S.C. § 2520 appears to be an act of Congress providing for the protection of civil rights.[10]

Accordingly, the defendants' motion to dismiss the amended complaint is granted as to the last four causes of action, and is denied as to the first.

So ordered.

10. The defendants also contend that this Court should dismiss the plaintiffs' first cause of action on the grounds it is nothing more than an attempt to rummage through government files. Assuming that there is some validity to defendants' argument, it is better left until the plaintiffs actually seek discovery and inspection of government files.