Vincent W. JONES, Plaintiff,

v.

**DISTRICT OF COLUMBIA et al., Defendants.**

Civ. A. No. 75–2132.

United States District Court, District of Columbia.

Jan. 6, 1977.

Edward De V. Bunn, Washington, D. C., for plaintiff.

Robert L. Chernikoff, Asst. Corp. Counsel, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

This is a civil rights class action brought by the plaintiff Vincent W. Jones individually and on behalf of all others similarly situated. The complaint seeks injunctive relief against defendants Walter Washington (Mayor of the District of Columbia), Maurice J. Cullinane (Chief of the Metropolitan Police Department) and Chief Judge Harold H. Greene (Chief Judge of the Superior Court for the District of Columbia) and further seeks monetary relief in the amount of $750,000,000.00 against the District of Columbia. The action is based on events surrounding the plaintiff's arrest by officers of the Metropolitan Police Department. The matter came on for hearing before the Court on the motion of all defendants to dismiss.

### I.

As alleged, the essential facts are these. On or about September 11, 1975, the plaintiff was arrested by Metropolitan police officers on charges not specified in the complaint. Following his arrest, the plaintiff was taken into custody and held for 32 hours before being presented to a Superior Court judge for the setting of bail. These acts, it is claimed, constitute assault and battery, false arrest and false imprisonment and, it is further claimed, amount to deprivations of civil rights in violation of 42 U.S.C. § 1983 justifying the award of $750,-000,000.00 against the municipal defendant on a class basis. Additionally, plaintiff alleges that the individual defendants have engaged, and likely will engage in the same course of conduct with respect to class members that they engaged in with respect to plaintiff himself. Accordingly, plaintiff seeks injunctive relief against the individual defendants on behalf of persons similarly situated.

### II.

The case is presently before the Court on the motion of defendants to dismiss. As stated in their papers and during oral argument, defendants have moved for dismissal of the action principally on the grounds that (A) neither the District of Columbia nor its officers are amenable to suit under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 and (B) federal question jurisdiction under 28 U.S.C. § 1331 does not lie because plaintiff has failed to put forward a genuine $10,-000.00 claim. For the reasons which follow, the Court is of the opinion that defendants are correct in both of their contentions and that the action should be dismissed.

### A

42 U.S.C. § 1983 and 28 U.S.C. § 1343 provide federal remedies and federal jurisdiction in suits against state officers based on acts committed under color of state law and in violation of rights, privileges and immunities secured under the Constitution and laws of the United States. As construed in *District of Columbia v. Carter*, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973), §§ 1983 and 1343 do not authorize civil rights actions to be brought in federal court against *federal* officers for acts committed under color of *federal* law. Underlying *Carter* is the view that since § 1983 was enacted by Congress pursuant to the fourteenth amendment, and since the fourteenth amendment was designed to apply only to states and not to territories such as the District of Columbia, Congress lacked the power under the fourteenth amendment to create a cause of action against federal officers. *Id.* at 423–425, 93 S.Ct. 602, 34 L.Ed.2d at 620–21. That being so, neither the District of Columbia nor its officers are amenable to suit under § 1983.

In this case, the plaintiff states in his complaint that his claims for relief rest exclusively upon § 1983. Furthermore, when the applicability of § 1983 was discussed at oral argument, counsel for plaintiff insisted that § 1983 afforded the sole basis for his suit. This insistence, however, runs directly counter to the holding in *Car-*

*ter* and, for this reason, dismissal of the action is required. See, *Gomez v. Wilson*, 155 U.S.App.D.C. 242, 250, 477 F.2d 411, 419 (1973).

### B

 Although the plaintiff mistakenly invokes 28 U.S.C. § 1343, the jurisdictional counterpart to § 1983, as the basis of federal jurisdiction in this case, jurisdiction lies if at all under 28 U.S.C. § 1331 (federal question jurisdiction). See *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Under § 1331, there must be put in issue a claim raising a question that turns on federal law and having a value equal to or greater than $10,000.00. Further, in § 1331 actions seeking monetary relief against federal officers for deprivations of civil rights, the $10,000.00 requirement must be met entirely out of claimed compensatory damages. *Zweibon v. Mitchell*, 170 U.S.App.D.C. 1, 66, 516 F.2d 594, 659 (1975).

At oral argument, counsel for plaintiff was asked to allocate the claimed damages attributable to the plaintiff from the total $750,000,000.00 in damages claimed on a class basis. Counsel was additionally asked whether plaintiff sustained lost wages or medical expenses as a result of the acts complained of. In response, counsel for plaintiff represented that the plaintiff sustained no out-of-pocket expenses of any kind whatsoever, but that the nature of the alleged injury was such that punitive damages were recoverable in an amount greater than $10,000.00. Given this response, the Court is convinced "to a legal certainty" that the plaintiff has failed to put in issue a good faith claim meeting the jurisdictional amount requirement of 28 U.S.C. § 1331. *Gomez v. Wilson, supra*, 155 U.S.App.D.C. at 251, 477 F.2d at 420. For this additional reason, then, the motion of defendants to dismiss must be granted.

### III. ORDER

Accordingly, for the foregoing reasons, it is this 6th day of January, 1977

ORDERED that the motion of defendants to dismiss the instant action be, and the same hereby is, granted.