**Ronald CLARK, Rap, Inc.**

v.

**Tommy SNOW, James R. Karvath and Grandville Slack.**

**Civ. A. No. 78–2067.**

United States District Court, District of Columbia.

May 2, 1979.

Gary Howard Simpson, Bethesda, Md., for plaintiffs.

Jason D. Kogan, Asst. U. S. Atty., Washington, D. C., Robert Cadeaux, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

This is an action for damages arising from the alleged unlawful arrest of an individual by several deputy United States Marshals. Plaintiffs are a corporation in the business of assisting people with drug problems, and the executive director of the corporation. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, § 1332, § 1343 and § 1961. The matter is before the Court on defendants' motion to dismiss.

■ Section 1343, which is the jurisdictional basis for claims asserted under 42 U.S.C. § 1985(3), does not authorize civil rights actions to be brought in federal court against federal officers for acts committed under color of federal law. *District of Columbia v. Carter,* 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Jones v. District of Columbia,* 424 F.Supp. 110 (D.D.C.1977).

■ Under 28 U.S.C. § 1331 there must be a claim based on federal law and having a value greater or equal to $10,000. In suits which seek damages from federal officers for violations of civil rights the $10,000 requirement must be met entirely from claimed compensatory damages. *Jones v. District of Columbia, supra;* *Zweibon v. Mitchell,* 170 U.S.App.D.C. 1, 516 F.2d 594 (1975). Here plaintiffs have claimed $100,-000 as compensatory damages and $100,000 as punitive damages on each of three counts. It is evident from the foregoing that punitive damages are inapplicable in this case.

■ Defendants have challenged the amount in controversy in this case. The standard to be used in determining whether the $10,000 amount in controversy has been met was set forth by the Supreme Court in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The sum claimed by the plaintiff controls, unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. If, from the face of the pleading it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed, the suit should be dismissed. *Id.,* at 288–289, 58 S.Ct. 586.

On May 8, 1978 two United States Marshals told an employee of Rap, Inc., plaintiff corporation, that they had an arrest warrant for a resident of Rap, Inc. The employee informed the marshals that the person was not in the facility at the time, but would be taken to U. S. District Court

on the following morning, to which the marshals agreed. Two days later, the party in question not having appeared at the U. S. District Court on May 9 as promised, three different U. S. Marshals entered the facility looking for the person in question. Rap officials, including plaintiff Clark, asked the marshals to produce an arrest or search warrant for the premises, which the marshals failed to do. Plaintiff Clark was arrested sometime after 11:00 a. m. after being charged with impeding a federal officer. At approximately the same time a U. S. Marshal, being unable to find the person sought, called the Court and was informed that the party was then in custody, having come in recently that morning. After being fingerprinted and photographed, plaintiff Clark was taken to the cellblock in the United States Courthouse at 1:00 p. m. The charge against plaintiff Clark was dismissed and he was released at 3:15 p. m.

Plaintiff Clark was held for approximately four hours after his arrest. Neither plaintiff claims any concrete money damages such as lost wages, medical expenses or expenses for damaged property. Plaintiff Clark does not claim he suffered specific physical injuries or any mistreatment while in the cellblock for two hours and fifteen minutes. He does claim emotional injuries and deprivation of constitutional rights. Plaintiff Rap claims violations of its right to privacy and Fourth Amendment violations.

■ This case is similar to *Jones v. District of Columbia, supra.* There the plaintiff claimed violations of his civil and constitutional rights as a result of being held for 32 hours before being presented to a Superior Court judge for setting of bail. No lost wages, medical expenses or injuries were claimed. Judge Sirica of this Court found that it was a "legal certainty" that the plaintiff had failed to put forth a good faith claim for the requisite amount under § 1331. Likewise here, for a four hour detention resulting in dismissal of charges, this Court is convinced "to a legal certainty" that the claimed amount does not meet the requirements of 28 U.S.C. § 1331.

The remaining bases of jurisdiction, § 1332 which also requires an amount of $10,000 in controversy, and § 1961 which relates to interest on money judgments, are inapplicable here.

Accordingly, it is by the Court this 2nd day of May 1979

ORDERED that defendants' motion to dismiss is granted and the action is dismissed.