Hugh D. **RHINEHART**, a/k/a Hughie D. Rhinehart and Catherine Rhinehart, his wife, Plaintiffs,

v.

**CINCINNATI INCORPORATED**, and Reuland Electric Co., Defendants.

Civ. A. No. 89–CV–71810–DT.

United States District Court, E.D. Michigan, S.D.

July 27, 1989.

Carl M. Riseman, Lapeer, Mich., for plaintiffs.

Dennis M. Goebel, Bloomfield Hills, Mich., Kenneth Resnick, Cincinnati, Ohio, and David G. Sekerak, Novi, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

On May 11, 1989, plaintiff filed this products liability action against the defendants in the Oakland County (Michigan) Circuit Court. On June 8, 1989, defendants removed the action to this Court, relying on 28 U.S.C. § 1332(a), as recently amended, which, by virtue of the amendment, provides that federal district courts shall have jurisdiction in diversity cases only where the matter in controversy exceeds the sum of $50,000. 28 U.S.C. § 1332 was amended pursuant to the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642 (1988) (hereafter "Act"). The relevant portion of the Act provides:

> SEC. 201 AMOUNT IN CONTROVERSY IN DIVERSITY CASES
>
> (a) Increase in Amount in Controversy to $50,000—Subsections (a) and (b) of section 1332 are each amended by striking out "$10,000" and inserting in lieu thereof "$50,000".
>
> (b) Effective Date—The amendments made by this section shall apply to any civil action commenced on or after the 180th day after the date of enactment of this title.

The "date of enactment" was November 19, 1988, thereby making May 18, 1989, the "effective date" for section 201.

Plaintiffs have filed a motion to remand this action to the state court arguing that:

(1) The increase in the jurisdictional amount to $50,000 applies to the instant case because it was *removed* to this Court on June 8, 1989, after the previously described "effective date" (May 18, 1989) for section 201; and

(2) the case does not involve an amount in controversy exceeding the sum of $50,-000.

Defendants contend that the amendment to the jurisdictional amount does not apply to this case because it was *commenced* in the state court on May 11, 1989, *before* the "effective date". Defendants further con-

tend that, even if the higher jurisdictional amount applies, nothing has been presented allowing this Court to conclude with "legal certainty" that the claim is for less than the requisite jurisdictional amount. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938) ("[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

Plaintiff's Motion to Remand must be denied. Section 201(b) of the Act specifically indicates that the change in diversity jurisdiction incorporated in subsection (a) applies to any civil action *commenced after* the "effective date" of May 18, 1989. As previously indicated, this action was initially filed in the Oakland County Circuit Court on May 11, 1989. Michigan Court Rule 2.101, which governs pleadings in the state court, provides in part:

(B) Commencement of Action.

A civil action is commenced by filing a complaint with a court.

Similarly, Fed.R.Civ.P. 3 provides:

Rule 3. Commencement of Action

A civil action is commenced by filing a complaint with the court.

In this Court's opinion, an action is "commenced" within the meaning of section 201(b) when the action is filed in any court, a state court included. "Commencement" of an action is a procedure clearly distinct from "removal" of an action. It is evident that Congress was aware of this distinction because in other sections of the Act, Congress refers to civil actions "commenced in or removed". In fact, in the sections immediately following section 201, namely 202(b) and 203(b), Congress expressly stated: "The amendment made ... shall apply to ... civil actions commenced in or removed ... after the 180th day after the date of the enactment of this title." The fact that Congress made this distinction in sections 202 and 203 clearly informs this Court that Congress intended that section 201 only apply to the date a civil action was "commenced", *i.e.*, the date it was initially filed in a court. Since this action was commenced in the state court on May 11, 1989,

before the effective date of the Act, the increased jurisdictional amount does not apply.

It is unnecessary, therefore, for this Court to determine whether or not plaintiffs' claim does *not*, to a "legal certainty", exceed $50,000. Plaintiffs' lawsuit, filed in the Oakland County Circuit Court, specifically asserts that the claim exceeds the sum of $10,000. The applicable jurisdictional amount having therefore been met, plaintiffs' Motion to Remand this diversity action must be DENIED. An order consistent with this Opinion shall issue forthwith.