914 F.2d 1493
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
Harvey S. WASSERMAN, John S. Singleton, Defendants-Appellees.
 No. 89-1031.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 29, 1990.
Decided Oct. 2, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (CA-88-1413-HAR)
 Curtis L. Wrenn, appellant pro se.
 Harvey Saul Wasserman, Annapolis, Md., Edward James Hutchins, Jr., Eccleston & Wolf, Baltimore, Md., for appellees.
 D.Md.
 AFFIRMED IN PART, VACATED IN PART AND REMANDED.
 Before K.K. HALL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Curtis L. Wrenn appeals the district court's dismissal of his diversity complaint alleging legal malpractice. The district court dismissed for lack of subject matter jurisdiction. We affirm in part, vacate in part, and remand.
 
 
 2
 Wrenn sued attorneys Wasserman and Singleton for malpractice, claiming that, on Singleton's recommendation, he had retained Wasserman to represent him in litigation against officials of the University of Maryland Hospital, Wrenn v. McFadden, CA-82-2044, and that Wasserman had thereafter negligently represented him, resulting in the dismissal of his complaint. Wrenn sought $1500 in actual damages (the amount paid Wasserman) and $500,000 in what he termed punitive damages (the amount he would have recovered in his litigation against the Hospital but for Wasserman's negligence). The district court dismissed the complaint for lack of subject matter jurisdiction, finding that Wrenn's allegations did not support a claim for punitive damages and that the actual damages sought were well below the $10,000 jurisdictional amount.
 
 
 3
 A complaint may be dismissed for lack of subject matter jurisdiction if it appears to a legal certainty that the claim is for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). Here, although we agree with the district court that Wrenn's complaint does not allege the malice necessary to support a claim for punitive damages, we conclude that his claim for punitive damages is simply a mislabeled claim for actual damages. Wrenn seeks recovery for the loss allegedly suffered as a result of Wasserman's negligence--the amount he properly could have recovered on his claims against defendants in Wrenn v. McFadden, CA-82-2044.* Although we express no opinion on the merits of Wrenn's claims, we cannot say to a legal certainty that the actual damages allegedly resulting from the claimed malpractice are less than $10,000.
 
 
 4
 Nor do we think that dismissal of the complaint can be justified on the basis that Wrenn mislabeled his request as being for punitive rather than actual damages. See generally Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Wrenn has moved on appeal to amend his complaint to clarify that he is seeking more than $10,000 in actual damages. We grant that motion, see 28 U.S.C. Sec. 1653, and remand Wrenn's claims against Wasserman to the district court for further proceedings.
 
 
 5
 We reach a different result, however, with respect to defendant Singleton. Wrenn's only allegation against Singleton was that Singleton recommended Wasserman. Singleton moved to dismiss on the basis that there can be no legal malpractice claim without there first being an attorney-client relationship, and he did not have such a relationship with Wrenn. Dismissal on this basis is proper. We therefore modify the district court's dismissal of Singleton to reflect dismissal for failure to state a claim rather than dismissal for lack of subject matter jurisdiction.
 
 
 6
 As modified, we affirm the judgment as to defendant Singleton; the judgment as to defendant Wasserman is vacated and the case remanded to the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 In Wrenn v. McFadden, No. 85-1664 (4th Cir. Sept. 6, 1988) (unpublished), we affirmed in part and vacated and remanded in part the district court's dismissal of Wrenn's claims in CA-82-2044. Wrenn's Title VII wage discrimination claim presently remains pending in the district court after that remand. In No. 85-1664, we affirmed, among other things, the dismissal of Wrenn's claim that the Hospital retaliated against him for the filing of his EEOC charge by giving him negative references. We declined to consider Wrenn's theory of ancillary jurisdiction as to that claim because the theory had not been presented to the district court. Slip op. at 4