The CHASE MANHATTAN
BANK, N.A., Plaintiff,

v.

AMERICAN NATIONAL BANK AND
TRUST COMPANY OF CHICAGO,
et al., Defendants.

No. 92 Civ. 3430 (HB).

United States District Court,
S.D. New York.

June 22, 1995.

---

Andrew R. Kosloff, The Chase Manhattan Bank, N.A., Litigation Division, New York City, for plaintiff.

Donald Tarkington, Novack and Macey, Chicago, IL, for defendants.

### MEMORANDUM AND ORDER

BAER,[1] District Judge:

Plaintiff, Chase Manhattan Bank, N.A. ("Chase") moved for summary judgment on the grounds that the unambiguous language of the contract at issue required the defendants, who were guarantors of certain renovations, to pay Chase the amount required to complete said renovations. Defendants, Samuel Zell, B. Ann Lurie, and American National Bank and Trust Company of Chicago, moved for summary judgment as well,

citing three alternative grounds: 1) that the renovations at issue were completed; 2) completion of the renovations was impracticable because specifications for the renovations were never supplied by the plaintiff; and 3) the plaintiff suffered no damages.

This court moves *sua sponte* to dismiss this action for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, because plaintiff cannot, as a matter of law, maintain that it suffered damages sufficient to satisfy the jurisdictional requirement imposed by 28 U.S.C. § 1332(a).

## I. BACKGROUND

Plaintiff, Chase, loaned $6,000,000 to a third-party construction company for a real estate property that defendants were developing. Defendants served as a guarantor of the construction company's work, agreeing to pay for any renovations that the constructor failed to finish. Defendants did not guarantee any portion of the loan's principal or interest.

After the initial phase of the construction was completed, work was discontinued, leaving the interior of the building allegedly "unfinished." The construction company failed to repay the loan, at which point Chase took title to the property. Chase then sold the property, which was usable as a warehouse without any further renovations. Plaintiff conceded at oral argument that it neither incurred expenses related to making renovations prior to the sale of the property in question (mainly because none were made), nor is obligated to pay for, nor make, any such improvements now that the property has been sold.

## II. DISCUSSION

The subject matter jurisdiction of this case is predicated upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a), which requires that the amount in controversy exceed $50,000. In order to dismiss this case pursuant to Rule 12(h)(3) of the Federal

1. Robert Matz, a second-year student at Fordham University School of Law, assisted in the research and preparation of this Memorandum.

Rules of Civil Procedure, it must appear to a "legal certainty" that the claim is actually for less than the jurisdictional amount. *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir.1991). "The fact that neither party contested the District Court's authority to hear this ... case does not act to confer jurisdiction on the Court since a challenge to subject matter jurisdiction cannot be waived and may be raised *sua sponte* by the District Court." *Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir.1988) (citations omitted); Fed. R.Civ.P. 12(h)(3).

According to *Chase* employees Janet Protas, Jonathan Caplan, and John McDonagh, the "best price" available for the property was the price the plaintiff received for the premises in its "unfinished" condition, given the real estate market at the time in Chicago. Aff. of Raymond T. Munsell, Ex. A (Protas at 100, 127), Ex. B (Caplan at 86, 93), Ex. C (McDonagh at 65). Consequently, regardless of any renovations that could have been performed, Chase would not have received a higher sales price for the property. When plaintiff was questioned at oral argument as to whether it incurred any actual damages in light of the market for the property, Chase merely, and repeatedly, made conclusory statements that under the contract's "liquidated damages clause" it was unconditionally entitled to the value of the renovations. Chase, time and time again, and for good reason, was unable to establish any damages and was unable to establish the existence of a valid liquidated damages clause.

■ "[A] liquidated damage clause must be the result of an express agreement between the parties; courts will not read such a clause into a contract by implication." *Ohanian v. Avis Rent A Car Sys., Inc.*, 779 F.2d 101, 109–10 (2d Cir.1985) (citation omitted). Here, the parties are in dispute as to whether the "expense calculation section" of the contract constituted a liquidated damages clause. There is no express language in the contract that designates the expense calculation section as a liquidated damages clause; rather, that section appears to constitute the defendant's contemplated consideration under the contract.

■ Even if the alleged section were intended and clearly denominated a liquidated damages clause, the clause would be unenforceable because it operates as a penalty. "Whether a provision is an enforceable liquidated damages clause or an unenforceable penalty is a matter of law to be decided by the court." *Rattigan*, 739 F.Supp. at 169 (citation omitted). "A liquidated damages clause generally will be upheld ... unless the liquidated amount is a penalty because it is plainly or grossly disproportionate to the probable loss anticipated when the contract was executed." *United Air Lines, Inc.*, 867 F.2d at 740. "Liquidated damages are not penalties if they bear a 'reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation.'" *United Air Lines, Inc. v. Austin Travel Corp.*, 867 F.2d 737, 740 (2d Cir. 1989) (quoting *Leasing Service Corp. v. Justice*, 673 F.2d 70, 73 (2d Cir.1982)); *Rattigan v. Commodore Int'l Ltd.*, 739 F.Supp. 167, 169 (S.D.N.Y.1990); *Truck Rent–A–Center, Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 393 N.Y.S.2d 365, 369, 361 N.E.2d 1015, 1018 (1977).

■ As happened here, given plaintiff's construction of the provision as a liquidated damages clause, Chase could have required defendants to pay it the cost of renovations Chase never wanted to complete nor that Chase would ever benefit from. This result was foreseeable at the time the contract was executed. By so entitling Chase to recover several million dollars for costs it never expended, the provision functioned as a penalty.

An analogy to this situation is as follows. X purchased a service contract for a particular automobile from Y. The contract provided that should Y fail to service that particular automobile, he guarantees that he will pay X the costs of servicing the automobile. X's automobile is involved in an accident. The automobile is destroyed and X's third-party insurance company pays his claim and takes title to the automobile. X then demands that Y pay him the cost of "tuning-

up" the automobile, on the basis that the guarantee in the contract is a liquidated damages clause entitling him to recover for services not performed. The operation of that provision would be punitive because X suffered no damages, and it was foreseeable at the time of execution of the contract that X could demand payment for services he never intended to have performed nor that would ever benefit him.

As a matter of law, the contract at issue is not an enforceable liquidated damages clause, and the plaintiff is therefore only entitled to recover for actual damages it may prove. *Rattigan,* 739 F.Supp. at 169. Because the plaintiff suffered no actual damages, it appears to a legal certainty that the jurisdictional amount required for subject matter jurisdiction, pursuant to 28 U.S.C. § 1332(a) ($50,000), cannot be satisfied. Thus, this case is dismissed for want of subject matter jurisdiction pursuant to Rule 12(h)(3). *See also Clark v. Paul Gray, Inc.,* 306 U.S. 583, 588–89, 59 S.Ct. 744, 748–49, 83 L.Ed. 1001 (1939) (dismissing suit for want of subject matter jurisdiction because the claim did not satisfy the requisite jurisdictional amount for diversity jurisdiction); *Alliance of Am. Insurers v. Cuomo,* 854 F.2d 591, 605 (2d Cir.1988) (dismissing case *sua sponte* for lack of subject matter jurisdiction); *Watson v. Blankinship,* 20 F.3d 383, 390 (10th Cir. 1994) (dismissing claim for lack of subject matter jurisdiction in diversity suit where actual damages were $99 and the court held that it did not appear from the facts that punitive damages would rise to such a level that $50,000 would be an appropriate award of damages).

### III. CONCLUSION

This case is dismissed because the Court lacks subject matter jurisdiction over the dispute.

**SO ORDERED.**