**Rose M. McDONALD, Justin R. Gullion, and Patricia Gullion, Plaintiffs,**

v.

**John D. LANDRUM, Sr., and Trism Inc., a Delaware Corporation, Defendants.**

No. 99–36 GMS.

United States District Court, D. Delaware.

June 18, 1999.

Paul G. Enterline, Georgetown, Leslie D. Hershfield, Schulman, Treem, Kaminkow & Gilden Baltimore, MD, for plaintiff.

Victor F. Battaglia, Philip B. Bartoshesky, Biggs & Battaglia, Wilmington, DE, for defendants.

1. During the second of the conferences the court held with the parties, the court learned that plaintiffs have also filed a complaint in the Superior Court for the State of Delaware based upon the same set of operative facts that form the foundation of the instant complaint.

2. While the court concurs with defendants that plaintiffs have failed the jurisdictional test in this regard, it does not agree with the rationale for this conclusion as set forth in "Defendants' Memorandum Of Law In Support Of Motion To Dismiss ..." (D.I.6)—namely, that the total value of the multiple claims alleged by plaintiffs may not be aggre-

***ORDER***

SLEET, District Judge.

This is a diversity case which arises from an automobile accident in which it is alleged that defendant John D. Landrum, Sr., driving a tractor trailer as an agent, employee, and/or servant of defendant Trism, Inc., negligently struck a vehicle driven by plaintiff Rose M. McDonald causing injury to the plaintiff as well as her passengers, plaintiffs Justin R. and Patricia Gullion. On January 28, 1999, plaintiffs filed a complaint[1] wherein they assert the existence of federal jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Neither the defendants nor the court question whether the requirement of complete diversity of citizenship, requisite to the invocation of federal jurisdiction in matters such as these, is met by plaintiffs. Nevertheless, the defendants *do* challenge plaintiffs' ability to satisfy the second prong of the diversity jurisdiction test, i.e., the amount in controversy requirement. For the reasons that follow the court will dismiss plaintiffs' complaint.[2]

On April 30, 1999 and June 10, 1999, the court held conferences with the parties pursuant to Fed.R.Civ.P. 16 to discuss, among other issues, whether, as challenged by the defendants, the court possessed subject matter jurisdiction over this case. During the April 30th conference, the court asked counsel for both the plain-

gated to reach the jurisdictional amount. The court notes that the Court of Appeals for the Third Circuit

> has taken the lead in recognizing diversity jurisdiction over an entire lawsuit in tort cases presenting closely related claims based, in principal part at least, on the same operative facts and normally litigated together, even though one of the claims, if litigated alone, would not satisfy a requirement of diversity jurisdiction. Thus, if any of the three plaintiffs met the jurisdictional amount, [the court would] extend hospitality to the other claims.

*Nelson*, 451 F.2d at 291.

tiffs and the defendants to make oral presentations regarding their positions on this question. The court questioned the plaintiffs' counsel regarding the nature and severity of the injuries alleged to have been suffered by each plaintiff. At the conclusion of these presentations, the court expressed concern that the damages to any one of the plaintiffs might not provide a basis for the finding of subject matter jurisdiction as required by the Court of Appeals for the Third Circuit. *See Nelson v. Keefer*, 451 F.2d 289, 291 (3d Cir.1971).

■ The court scheduled a second conference for June 10th to allow the plaintiffs sufficient time to develop additional evidence as to damages. At this latter conference, the court reviewed additional documentation submitted by plaintiffs and listened to further arguments by their counsel. Specifically, the court heard argument that the injuries to plaintiff McDonald—the only one of the three plaintiffs whose damage claims could seriously be considered as meeting the jurisdictional test—resulted in a permanent loss of fifty per cent of the range of motion in one of her feet. According to plaintiff, this injury has caused her to be unable to work at the only occupation for which her limited training and education qualify her—a cashier. Significantly, however, none of the medical records concerning this injury supported the plaintiff's contentions and plaintiff presented no evidence in support of her claims regarding the economic impact of her injuries.

■ As a result of the defendants challenging whether the amount in controversy in this matter is sufficient, plaintiffs bear the burden of establishing that there is a "good faith"[3] expectation of recovery of at least the requisite jurisdictional amount. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). However, "[w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value...." *Diefenthal v. C.A.B.*, 681 F.2d 1039, 1052 (5th Cir.1982). In fulfilling these obligations, if it appears to a legal certainty that the claim is actually less than the jurisdictional amount, the court should dismiss the claim. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also Nelson v. Keefer*, 451 F.2d at 291 (citing *St. Paul Mercury Indem. Co., supra*); *cf. Meritcare Incorporated v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999) ("When it appears to a legal certainty that the plaintiff was never entitled to recover the minimum amount set by Section 1332, the removed case must be remanded....").

In *Nelson*, the Court of Appeals for the Third Circuit noted the observation of others that the federal courts have failed to keep their jurisdictional houses in order insofar as the issue of amount in controversy in diversity matters is concerned. This was attributed in part to the "inflexibility" of the "good faith-legal certainty test." 451 F.2d at 295. Nonetheless, the court refused to accept this as an excuse for this failure. Instead, the court issued an invitation to the "federal judiciary" to "execute the congressional mandate in personal injury actions" and to dismiss those cases which do not meet the requirements for federal jurisdiction. *Id.*

---

**3.** As previously noted, in footnote 1, *supra*, plaintiffs filed the same action in state court. Plaintiffs' counsel advised the court that the reason for this filing was essentially out of concern—in the courts view, perhaps in over-abundance—that the relevant statute of limitations might expire and that his clients might suffer a subsequent, adverse jurisdictional ruling in federal court, as indeed has come to pass. Accordingly, while the court could, it does not rely upon this fact as a basis for finding that plaintiffs' allegations as to jurisdictional amount are not made in good faith. Nonetheless, while this fact alone is not determinative of whether plaintiffs have established to a legal certainty that they will recover the minimum amount prescribed by § 1332(a), if successful at trial it is a factor to be considered.

Accepting the admonishment of the Court of Appeals for the Third Circuit and others who have commented similarly, after reviewing plaintiffs' complaint and considering the evidence and arguments in support of the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), the court finds that plaintiffs have failed to prove to a legal certainty that, if successful at trial, they will recover the minimum amount prescribed by the statute.

For these reasons, IT IS HEREBY ORDERED that:

Defendants "Motion To Dismiss" (D.I.5) is GRANTED; and it is further,

ORDERED that the instant complaint be dismissed with prejudice for lack of subject matter jurisdiction.