USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-2193 AMEER A. KHAAFID, Plaintiff, Appellant, v. FLEET BANK OF MASSACHUSETTS, Defendant, Appellee. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Richard G. Stearns, U.S. District Judge] Before Boudin, Circuit Judge, Campbell, Senior Circuit Judge, and Stahl, Circuit Judge.      Ameer A. Khaafid on brief pro se.August 27, 1999   Per Curiam. We have carefully reviewed the record in this case. We affirm the dismissal for lack of federal jurisdiction. A party invoking the diversity jurisdiction of a federal court has the burden of demonstrating the required jurisdictional amount. Hardemon v. City of Boston, 144 F.3d 24, 26 (1st Cir. 1998). While that burden is generally satisfied by simply alleging the amount in the complaint, id., a complaint may be dismissed if the court finds that it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount," Schlessinger v. Salimes, 100 F.3d 519, 521 (7th Cir. 1996) (quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). When challenged, the plaintiff "must show that the rules of law, applied to the facts of his case, could produce such an award."  Id.  Khaffid's complaint fails to meet this standard. His alleged loss of income is simply too remote and speculative to have been legally caused by Fleet's allegedly unfair and deceptive practices. See PDM Mechanical Contractors, Inc. v. Suffolk Const. Co. Inc., 35 Mass. App. Ct. 228, 237, 618 N.E.2d 72 (no recovery for a defendant's unfair trade practice, absent a causal relationship between the alleged unfair acts and the claimed loss), review denied, 416 Mass. 1107, 443 N.E.2d 1364 (1993).  Affirmed.