**Steven TROTTER and Johnnie Trotter Plaintiffs**

v.

**Cliff MITCHELL d/b/a Mitchell's Ltd., Maax Spas Arizona, and Emerson Electric Company Defendants**

No. CIV. 06–5123.

United States District Court,
W.D. Arkansas,
Fayetteville Division.

Aug. 7, 2006.

Denise D. McMillan, Crossett, AR, for Plaintiffs.

James D. Sprott, James D. Sprott, P.A., Harrison, AR, Christy Comstock, Fayetteville, AR, Glennon Patrick Fogarty, Kenneth Robert Heineman, Husch & Eppenberger, LLC, St. Louis, MO, Robert L. Jones, III, Jones & Harper, Fort Smith, AR, for Defendants.

## ORDER

HENDREN, District Judge.

Now on this 7th day of August, 2006, comes on for consideration plaintiff's **Response To Notice Of Removal, Objection And Motion To Remand To State Court** (document # 4), and from said motion, and the response thereto, the Court finds and orders as follows:

1. Plaintiffs' Amended And Substituted Complaint alleges that defendants are responsible for damages they sustained in a fire at their home. They filed their suit in the Circuit Court of Benton County, Arkansas, from whence it was removed by separate defendant Emerson Electric Company. Plaintiffs now seek remand.

2. In support of their request for remand, plaintiffs contend that their total damages, including costs and attorney's fees, do not exceed $75,000.00, the minimum amount required to be in controversy to establish federal jurisdiction pursuant to 28 U.S.C. § 1332. They state that their "out of pocket damages" for the incident in suit total $41,137.64.

3. Emerson Electric Company objects to remand, pointing out that plaintiffs'

Complaint pled that the fire at their home rendered "the premises a total loss." They offer evidence that the home had been assessed by the Benton County Assessor for a value in excess of $75,000.00. They also point out that plaintiffs seek attorney fees, which may be recoverable as to some counts of the Complaint, and which are included in calculating the jurisdictional amount. They contend that the basis for removal is determined at the time of removal, and that modifications to the pleadings made thereafter do not defeat removal, citing *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir.1969)(situation at time of removal is determinative).

The Court agrees that the matter is not subject to remand. As far back as 1938, the Supreme Court said that "the status of the case as disclosed by the plaintiff's complaint is controlling in the case of a removal" and even if "plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291, 58 S.Ct. 586, 82 L.Ed. 845 (1938). The Motion will, insofar as it seeks remand, be denied on that basis.

4. Plaintiffs move, in the alternative, for leave to amend their Amended And Substituted Complaint. Their Motion does not, however, comply with the requirements of Local Rule 5.5(e), and to the extent it seeks leave to amend, it will be denied on that basis.

**IT IS THEREFORE ORDERED** that plaintiff's **Response To Notice Of Removal, Objection And Motion To Remand To State Court** (document # 4) is **denied.**

**IT IS SO ORDERED.**