NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3933
_____

AETREX WORLDWIDE, INC.,

v.

SOURCING FOR YOU LIMITED;
SOURCING FOR YOU CONSULTING, LTD.,
                                Appellants
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-01943)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2014

Before:  AMBRO, HARDIMAN, and GREENAWAY, Jr., Circuit Judges

(Filed: January 23, 2014)

_____

OPINION
_____

AMBRO, Circuit Judge

Plaintiff Aetrex Worldwide, Inc. ("Aetrex") and defendants Sourcing for You,

Limited and Sourcing for You Consulting, Ltd. (collectively, "Sourcing for You")

entered into a supply agreement containing a non-compete provision in March 2008. This

agreement also contained a clause agreeing to arbitrate contractual disputes as follows, with an exception for certain actions involving injunctive relief:

> *Except for an action seeking a temporary restraining order or injunction related to the purposes of this Agreement*, a suit to compel compliance with this dispute resolution process, or the entry and enforcement of any judgment on any arbitration award, any dispute, claim or controversy arising out of relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this Agreement to arbitrate, shall be determined exclusively by final, binding arbitration to be held in a mutually convenient location within the USA.

App. at 59 (emphasis added). Aetrex filed a complaint based on Sourcing for You's alleged breach of the non-compete provision in March 2013, requesting "temporary, preliminary, and permanent injunctive relief." Complaint at 18-19. Sourcing for You filed a motion to stay the proceeding and compel arbitration, which the District Court denied based on the specified exception. In April 2013, after the District Court denied its request for a temporary restraining order, Aetrex withdrew its motion for a preliminary injunction. Sourcing for You again moved to stay the proceeding and compel arbitration in May 2013. The Court denied the motion and Sourcing for You appeals. We affirm.

The District Court had jurisdiction under 28 U.S.C. § 1332.[1] We have appellate jurisdiction under 9 U.S.C. § 16(a)(1). "Since this appeal presents a legal question

---

[1] In its "Jurisdictional Statement," Sourcing for You's brief argues that the District Court lacked subject matter jurisdiction because, although it concedes that the parties are diverse, it contends the amount in controversy does not exceed $75,000. Sourcing for You's Br. at 1. In particular, it argues that because Aetrex cannot restrain the Chinese manufacturers with whom Sourcing for You contracts, the injunction has a value of $0. *Id.* This argument is based entirely on one-sided speculation. In any case, Sourcing for You has not established that it is "a legal certainty that the claim is really for less than the

2

concerning the applicability and scope of an arbitration agreement, our standard of review is plenary." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 176 (3d Cir. 1999) (citing *Pritzker v. Merrill Lynch*, 7 F.3d 1110, 1113 (3d Cir. 1993)).

"[B]efore compelling arbitration pursuant to the Federal Arbitration Act, a court must determine that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citations omitted). Here, both sides agree that the arbitration clause generally created a valid agreement to arbitrate, but disagree as to whether this dispute is within the scope of that agreement.

Sourcing for You argues that the arbitration agreement unambiguously requires arbitration here. In its view, the phrase "[e]xcept for an action seeking a temporary restraining order or injunction related to the purposes of this Agreement" excludes only requests for temporary restraining orders or *temporary* injunctions, not requests for permanent injunctions, because the word "temporary" should be read to modify both "restraining order" and "injunction." Aetrex counter-argues that the agreement to arbitrate unambiguously excepts the request for a permanent injunction, because actions seeking an "injunction" are not covered by the arbitration agreement. The District Court sided with Aetrex, terming Sourcing for You's modifier argument as "unreasonable" and concluding that the exception "unambiguously covers permanent injunctions." Op. at 3-4.

---

jurisdictional amount," as would be necessary to require dismissal here. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Thus, jurisdiction was proper.

Aetrex has the better of the argument. As the District Court concluded, it is both more intuitive and more consistent with ordinary usage to read "temporary restraining order" as an idiomatic phrase, meaning that the clause excepts both suits for temporary restraining orders and suits for injunctions (of all kinds). Because the plain meaning of the contract's language is clear, the provision is not ambiguous. Neither Sourcing for You's grammatical arguments, nor the tangentially related cases from outside our Court that Sourcing for You cites supporting these arguments, compel an alternative conclusion.

Sourcing for You additionally points to cases where courts have allowed motions for temporary or preliminary injunctions even though the parties have agreed to arbitrate *all* disputes. *See, e.g.*, *Ortho Pharm Corp. v. Amgen, Inc.*, 882 F.2d 806, 812 (3d Cir. 1989). These cases actually undermine Sourcing for You's argument. If, as our precedent in *Ortho* suggests, preliminary injunctions necessary to preserve the *status quo* pending arbitration are available even without an explicit exception to the arbitration agreement, a contractual provision excepting only temporary injunctions (and temporary restraining orders) would be superfluous, thus strongly implying that the parties instead intended to except injunctions of all kinds.

In the alternative, Sourcing for You argues that, if the agreement were considered ambiguous, an arbitration panel, rather than the District Court, ought to have decided whether this action is within the scope of the arbitration agreement. The arbitration clause includes an agreement to submit to binding arbitration "the determination of the scope or applicability of this Agreement to arbitrate[.]" App. at 59. Because, as we

4

conclude above, the contractual provision was not ambiguous, there was no meaningful question to refer to the arbiter concerning the scope of the agreement. Indeed, even were we to conclude that there is some ambiguity in the provision, it does not necessarily follow that the ambiguity must be resolved through arbitration. *See Local 827, Int'l Bhd. of Elec. Workers v. Verizon N.J., Inc.*, 458 F.3d 305, 312 (3d Cir. 2006) ("Insofar as the existence of contrary interpretations of the arbitration clause suggests that there may be a modicum of ambiguity in the language of the arbitration clause, we note that a compelling case for nonarbitrability should not be trumped by a flicker of interpretive doubt." (quoting *PaineWebber Inc. v. Hofmann*, 984 F.2d 1372, 1377 (3d Cir. 1993)) (internal quotation marks omitted)).

Because the District Court correctly held that the arbitration clause unambiguously excepted requests for permanent injunctions, it did not err in denying Sourcing for You's motion to stay the proceedings and compel arbitration.[2] We thus affirm.

---

[2] Sourcing for You previously moved to stay the proceedings at the District Court pending this appeal under the theory that the District Court lacked jurisdiction to determine that the appeal is frivolous. In November 2013, our Court denied this motion without prejudice. It is unclear whether this challenge is properly before us, but, in any event, given our resolution of the underlying appeal, the question is now moot. We make no decision as to the substantive question of law.