**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4763
_____

SALAM ALJAWAD

v.

SALAM MAJEED; DEBORAH MAJEED, a/k/a Deborah Covey;
BEDHR MAJEED; JOHN DOES 1 THROUGH 10

Salam Majeed,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:11-cv-04321)
District Judge:  Honorable Edmund V. Ludwig

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2015

Before: RENDELL, GREENAWAY, JR., and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Salam Majeed appeals from the United States District Court for the Eastern District of Pennsylvania's December 4, 2013 order confirming the judgment entered against him earlier in this breach of contract action. We will affirm.

I.

Majeed was one of several defendants in a breach of contract complaint filed in the District Court by plaintiff/appellee Salam Aljawad in 2011. The complaint concerned the breakdown of Aljawad and Majeed's joint venture, which involved installing energy-saving devices (motion sensors) in hotel rooms. Aljawad alleged that Majeed had received in excess of $72,000 and "other checks" for work performed by the joint venture, but refused to share those proceeds with Aljawad. The complaint also alleged, inter alia, that Majeed had made false and disparaging remarks about Aljawad to a supplier, in an attempt to persuade that supplier to deal only with Majeed. In light of these allegations, Aljawad sought compensatory and punitive damages, as well as various other relief.

Soon after the litigation began, Aljawad and Majeed entered into a settlement agreement, providing—among other things—that, within 90 days of receiving 1,263 motion sensors, Majeed was to pay Aljawad $24,225. The settlement was not finalized, however, as each party claimed that the other had failed to comply with its terms. Aljawad claimed that Majeed had not paid as required by the settlement agreement. Majeed, on the other hand, claimed that he was not required to pay because Aljawad had sent only 1,248 motion sensors. Upon the District Court's order, Aljawad and Majeed submitted evidence concerning implementation of the settlement agreement, which the

2

District Court treated as cross-motions for summary judgment on the issues of whether "a settlement agreement of the original dispute was reached and whether it ha[d] been violated." (Dist. Ct. Mem. entered Jan. 31, 2013, at 2.)

On January 31, 2013, the District Court entered judgment in favor of Aljawad in the amount of $24,093.75. The judgment reflected the amount due for the 1,248 sensors that Majeed had received. The District Court determined that the settlement agreement was unambiguous, and applied Pennsylvania law to conclude that Aljawad's breach (failing to provide 15 sensors) was not material. In considering this issue, the District Court noted that Aljawad offered to deduct the price of the missing sensors, and determined that his explanation for the shortfall was reasonable.[1] The District Court further concluded that Majeed had received the benefit of his bargain, and to the extent he had not, he could be compensated for his loss by Aljawad's offered reduction in the amount due. As a result, the District Court concluded that Aljawad had substantially performed under the settlement agreement, and that Majeed was not excused from complying with the terms of the agreement.

Majeed's initial appeal to this Court was dismissed for lack of jurisdiction because the District Court had not disposed of the claims against the remaining defendants. On December 4, 2013, the District Court dismissed the claims against the remaining defendants, and confirmed the judgment against Majeed for the reasons set forth in its January 31, 2013 memorandum. Majeed once again appeals.

---

[1] Aljawad asserted that "some motion sensors were missing from completed jobs and [he] was required to provide and/or install the missing sensors before receiving payment on account of those jobs." (Dist. Ct. Mem. entered Jan. 31, 2013, at 3-4.)

II.

The District Court had diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332,[2] and we have jurisdiction to review the District Court's December 4, 2013 order under 28 U.S.C. § 1291. In that order, the District Court confirmed its January 31, 2013 order, which granted judgment in favor of Aljawad. It is this determination that Majeed challenges. Our review of a district court's summary judgment decision is plenary. See Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

As the parties did not dispute the validity of the settlement agreement, the issue before the District Court was whether, under Pennsylvania law, the settlement agreement was materially breached. See Int'l Diamond Imps., Ltd. v. Singularity Clark, L.P., 40 A.3d 1261, 1271 (Pa. Super. Ct. 2012) ("[T]he non-breaching party does not have a right to suspend performance if the breach is not material.") (quotation marks omitted). To

---

[2] Early in the case, Majeed argued that the District Court lacked jurisdiction under § 1332 because the amount in controversy did not exceed $75,000. "'The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal.'" Dardovitch v. Haltzman, 190 F.3d 125, 135 (3d Cir. 1999) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). Here, Aljawad's claim that the amount in controversy exceeded $75,000 appears to have been made in good faith, and it is far from a "legal certainty" that the amount in controversy was actually less than the jurisdictional threshold. Accordingly, dismissal for lack of jurisdiction was not warranted.

determine whether a breach is material, Pennsylvania courts consider the following five factors:

> a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>
> b) the extent to which the injured party can be adequately compensated for that part of the benefit of which he will be deprived;
>
> c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>
> d) the likelihood that the party failing to perform or offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
>
> e) the extent to which the behavior of the party failing to perform or offer to perform comports with standards of good faith and fair dealing.

Widmer Eng'g, Inc. v. Dufalla, 837 A.2d 459, 467 (Pa. Super. Ct. 2003) (quoting Restatement (Second) of Contracts § 241 (1981)).

In this case, the District Court correctly identified and applied the Restatement factors to determine that a reasonable jury could not conclude that Aljawad's delivery of 1,248 (rather than 1,263) motion sensors was a material breach. Majeed received the benefit of his bargain and was adequately compensated for any loss, as Aljawad offered to lower the payment based on the delivery shortage. Accordingly, the District Court properly entered judgment against Majeed in the amount due under the settlement agreement (minus $131.25 for the 15 sensors that were not delivered), and his arguments to the contrary are unpersuasive.

Based on the foregoing, we will affirm.