**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1726**

STEPHANIE FARRELL; WILLIAM FARRELL,

        Plaintiffs - Appellants,

    v.

MACY'S RETAIL HOLDINGS, INC.; IPC INTERNATIONAL CORPORATION,

        Defendants - Appellees,

    and

MACY'S; WHITE MARSH MALL, LLC; GENERAL GROWTH PROPERTIES; BARRY MARKOWITZ, in his capacity as employee for Macy's Retail Holdings, Inc.; CLARENCE PARKS, in their capacities as employees for IPC International Corporation; JOHN DOE, in their capacities as employees for IPC International Corporation,

        Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:13-cv-03591-JFM)

Submitted: March 31, 2016        Decided: April 14, 2016

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

George L. Garrow, Jr., GARROW LAW FIRM, PLLC, Washington, D.C., for Appellants. Patricia M. Thornton, Edward C. Bacon, BACON THORNTON & PALMER LLP, Greenbelt, Maryland; Sonia Cho, GORMAN & WILLIAMS, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephanie and William Farrell appeal the district court's order granting summary judgment on their state-law negligence and false imprisonment claims to Macy's Retail Holdings, Inc., and IPC International Corporation (collectively, "Defendants"), and dismissing their remaining state-law claims for lack of subject matter jurisdiction. We affirm in part, vacate in part, and remand.

## I.

The Farrells first challenge the district court's grant of summary judgment on their negligence and false imprisonment claims.[1] We review de novo a district court's order granting summary judgment. Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable

_____

[1] The district court granted summary judgment on these claims based on its determination that Defendants had probable cause to detain William Farrell. Although they raised several additional potential bases for the negligence claims, the Farrells argue on appeal only that the district court's probable cause determination was erroneous.

3

inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted).

The Farrells argue that the Defendants' employees lacked probable cause to detain them. Under Maryland law, "[f]or a plaintiff to succeed on a false arrest or false imprisonment claim, the plaintiff must establish that the defendant deprived the plaintiff of his or her liberty without consent and without legal justification." State v. Roshchin, 130 A.3d 453, 459 (Md. 2016) (internal quotation marks omitted). However, a merchant cannot be held liable for false imprisonment if it "had, at the time of the detention . . . , probable cause to believe that the person committed the crime of 'theft,' as prohibited by [Md. Code Ann., Crim. Law § 7-104 (LexisNexis 2012)]." Md. Code Ann, Cts. & Jud. Proc. § 5-402(a) (LexisNexis 2013). "[Probable cause] is defined in terms of facts and circumstances sufficient to warrant a prudent person in believing that the suspect had committed or was committing an offense." DiPino v. Davis, 729 A.2d 354, 361 (Md. 1999) (alterations and internal quotation marks omitted). "[P]robable cause is a practical, nontechnical concept based on probabilities and common sense," United States v. Williams, 10 F.3d 1070, 1074 (4th Cir. 1993), requiring "more than bare suspicion" but less than proof necessary to justify a conviction, Brinegar v. United States, 338 U.S. 160, 175 (1949).

4

All of the circumstances known to the officer are considered when determining whether there was probable cause. DiPino, 729 A.2d at 361.

Maryland defines theft as "wilfully and knowingly; obtaining unauthorized control over the property or services of another; by deception or otherwise; with intent to deprive the owner of his property; by using, concealing, or abandoning it in such a manner that it probably will not be returned to the owner." Lee v. State, 474 A.2d 537, 540-41 (Md. Ct. Spec. App. 1984); see Md. Code Ann., Crim. Law § 7-104(a). In Lee, the court noted that "several factors should be assessed to determine whether the accused [in a shoplifting case] intended to deprive the owner of property," including "concealment of [the] goods[,] . . . . [o]ther furtive or unusual behavior[,] . . . . [t]he customer's proximity to the store's exits[,] . . . and possession by the customer of a shoplifting device with which to conceal merchandise."[2]  474 A.2d at 542-43.

We conclude that Defendants' employees had probable cause to detain the Farrells at the time of the detention. Macy's asset-protection manager observed William Farrell walk around

_____

[2] Although Lee addressed these factors in determining whether sufficient evidence supported a conviction for theft, its discussion also is relevant to whether probable cause existed to believe that a person is committing theft.

5

the store wearing a jacket that he had not yet purchased. After removing the jacket, William Farrell selected several items from sales racks, removed the items from their hangers, and placed the items into a bag. Moreover, he appeared to move away from where he selected the jacket before placing it into the bag, leaving its hanger on a different rack. After the Farells began shopping together, the couple selected a robe for William Farrell, and he again removed it from the hanger and placed it in the bag. The Farrells then walked within 5 to 10 feet of the exit to the mall at which two mall security officers, one of whom was wearing his security uniform, were sitting, before turning back into the store.

The Farrells argue that the district court did not view the evidence in the proper light because it failed to consider their deposition testimony that they intended to purchase the items at the sales counter near where they had entered the store and, therefore, that they had not passed all points of sale prior to their apprehension. However, "[w]hether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." Devenpeck v. Alford, 543 U.S. 146, 152 (2004). The Farrells have not argued or offered any evidence demonstrating that, at the time he detained them, the asset-protection manager knew they intended to pay for the items William Farrell had placed

6

into the bag he was carrying. Moreover, the court's finding that the Farrells had passed all points of sale is supported by the store's video surveillance; the couple is seen walking toward the exit to the mall and, as Stephanie Farrell testified at her deposition, coming within approximately 5 to 10 feet of the exit while looking at a table displaying merchandise for sale. We therefore affirm the district court's grant of summary judgment on these claims.

## II.

The Farrells next contend that the district court erred when it dismissed their remaining state-law claims for assault and battery based on a lack of jurisdiction. Defendants respond that the district court was required to dismiss these claims once it concluded that it was a legal certainty that the Farrells could not recover $75,000 on these claims.[3]

We review de novo a district court's dismissal for lack of subject matter jurisdiction, Johnson v. Am. Towers, LLC, 781 F.3d 693, 701 (4th Cir. 2015), but review for abuse of discretion a court's decision not to exercise supplemental jurisdiction over state-law claims, ESAB Grp. v. Zurich Ins. PLC, 685 F.3d 376, 393 (4th Cir. 2012). An abuse of discretion

---

[3] The Farrells have not argued that they sought sufficient damages based on only these remaining claims to meet the jurisdictional threshold.

occurs when the district court's "decision is guided by erroneous legal principles or rests upon a clearly erroneous factual finding." United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014) (internal quotation marks omitted). A district court's failure to recognize that it had discretion is an abuse of discretion. Aggarao v. MOL Ship Mgmt. Co., 675 F.3d 355, 366 (4th Cir. 2012).

"In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). However, "if some event subsequent to the complaint reduces the amount in controversy, . . . the court must then decide in its discretion whether to retain jurisdiction over the remainder of the case." Shanaghan v. Cahill, 58 F.3d 106, 112 (4th Cir. 1995). In those circumstances, the "court[] should be guided by the same kind of factors that inform decisions in the supplemental jurisdiction context," including: (1) the "convenience and fairness to both parties"; (2) "the interests of judicial economy"; (3) "whether the amount claimed in the complaint was made in good faith, or whether plaintiff was consciously relying on flimsy grounds to get into federal court"; (4) whether "a plaintiff might suffer serious prejudice

8

from the dismissal of [the] action"; and (5) "the amount of time and energy that has already been expended."  Id.

Like the district court in Shanaghan, the district court here concluded that it lacked jurisdiction because it found that the Farrells could not recover $75,000 on the state law assault and battery claims.  See id. at 108-09.  The court's order in this case is silent as to whether the court considered exercising supplemental jurisdiction over these claims.  Because it is not clear that the district court recognized it had discretion to exercise supplemental jurisdiction, we vacate the district court's dismissal of these claims and remand with instructions to consider whether to exercise supplemental jurisdiction over these claims.  See id. at 108, 113.

III.

In sum, we affirm in part, vacate in part, and remand with instructions to determine whether the court, in its discretion, should maintain jurisdiction over the Farrells' assault and battery claims.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

9